The Honorable _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOB'S DAUGHTERS INTERNATIONAL<br><br>Plaintiff,<br><br>v.<br><br>HEIDI YOAST<br><br>Defendant. | NO. _____<br><br>COMPLAINT<br><br>JURY DEMAND |

COMES NOW Job's Daughters International ("JDI" or "Plaintiff") and for its Complaint against Heidi Yoast, ("Yoast" or "Defendant), alleges as follows:

1. Plaintiff is a Nebraska Non-Profit Corporation with a principal place of business in Papillion, Nebraska.

2. Upon information and belief, Defendant is an individual residing in Maple Valley, Washington.

3. Upon information and belief, Yoast does business as Pink Power Printing. The business is also located in Maple Valley, Washington.

4. This is an action for injunctive relief and damages under the Lanham Act, 15 U.S.C. § 1051, et. seq. and under Washington statutory and common laws based on Defendant's wrongful use of the following trademarks and trade names: JOB'S DAUGHTERS, JOB'S DAUGHTERS INTERNATIONAL, INTERNATIONAL ORDER OF JOB'S

COMPLAINT - 1
( _____ )

DAUGHTERS, IOJD, JD INTERNATIONAL, JD INTERNATIONAL and Design, IYOB FILIAE and Design, IYOB FILIAE, JOB'S DAUGHTERS KIDS HELPING KIDS HIKE and Design, and HIKE (collectively referred to herein as the "JDI Marks").

5. This Court has subject matter jurisdiction over the claims in this action which relate to trademark infringement and false designation of origin and false descriptions pursuant to provisions of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has supplemental jurisdiction over the claims in this action which arise under the statutory and common laws of the state of Washington pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form a part of the same case or controversy and arise from a common nucleus of operative facts.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. This Court has personal jurisdiction over this Defendant because Defendant resides in, has conducted business in, and/or sold product into the state of Washington.

8. JDI is the sole and exclusive owner of the JDI Marks. JDI utilizes the JDI marks in a variety of ways, including on numerous clothing items and advertising of those clothing items for sale, and as a collective membership mark.

9. JDI is the owner of the following U.S. Trademark Registration No.'s : 3136906 (JOB'S DAUGHTERS INTERNATIONAL); 3036155 (J D INTERNATIONAL and Design); 2967553 (JD INTERNATIONAL and Design); 12355594 (IYOB FILIAE and Design) in the United States Patent and Trademark Office (hereinafter "JDI Registered Marks").

10. The JDI Registered Marks are in full force and effect, entitled to broad protection, and have become incontestable pursuant to 15 U.S.C. § 1065.

11. JDI has utilized the JDI Marks and the JDI Registered Marks in commerce.

COMPLAINT - 2
(_____)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

5868988.1

12. JDI has expended enormous amounts of time, effort, capital and resources and, in that respect, owns extremely valuable proprietary rights to the JDI Marks and the JDI Registered Marks in a variety of manners, including the sale of clothing items.

13. The JDI Marks and JDI Registered Marks identify high quality services and products originating exclusively with JDI.

14. Long after JDI's adoption and use of the JDI Marks and JDI Registered Marks, Defendant wrongfully adopted and began using similar trademarks in connection with the sale, offering for sale and advertising of similar goods in in interstate commerce.

15. Defendant knew and was well aware of JDI's valuable proprietary rights and adopted its infringing trademarks with reckless indifference to JDI's rights as JDI notified Defendant of the same, in writing, on various occasions. Defendant had knowledge of the JDI Marks and JDI Registered Marks at the time she began utilizing the same. Importantly, Defendant continues to utilize the infringing trademark even after receiving actual notice of JDI's superior and valuable proprietary rights to the JDI Marks and JDI Registered Marks.

16. On or about August 17, 2016, JDI's counsel notified Defendant of JDI's proprietary rights to the JDI Marks and asked that Defendant immediately cease and desist its infringing conduct.

17. Defendant has failed and refused to cease its wrongful use and continues to assert rights in JDI's Marks and JDI Registered Marks via advertisements and sale of products bearing the JDI Marks.

18. Defendant is not now, nor has it ever been associated, affiliated or connected with or endorsed or sanctioned by JDI.

19. Defendant's use of the Mark has caused and is likely to continue to cause consumers, the public and trade to erroneously believe that the goods sold by Defendant emanate or originate from JDI, that said goods are authorized, sponsored or approved by JDI,

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

5868988.1

which they are not, or that the goods are likely to cause confusion with products that originate from JDI.

20. Defendant has acted with reckless disregard for JDI's rights and/or was willfully blind in connection with its unlawful activities. Alternatively, Defendant intentionally engaged in its infringing activities. As a result, this case constitutes an exceptional case under 15 U.S.C. § 1117(a) and/or a case of intentional counterfeiting under 15 U.S.C. § 1117(b).

21. As a consequence of Defendant's wrongful conduct, JDI has suffered and will continue to suffer irreparable harm and damage.

22. JDI has no adequate remedy at law.

## COUNT I
## TRADEMARK INFRINGEMENT

23. JDI incorporates all prior allegations as if set forth at length herein.

24. JDI's Marks and Registered Marks are strong and are entitled to broad protection.

25. Based upon JDI's extensive advertising and promotion of its goods and services under the JDI Marks and the popularity of the JDI Marks, the JDI Marks are immediately associated by purchasers, the public, and the trade as being a service, product, or name of JDI.

26. Defendant's conduct as described above constitutes Defendant's use in commerce of the JDI Marks.

27. Defendant has intentionally used the JDI Marks knowing that they are the exclusive property of JDI in connection with the sale, offering for sale, and distribution of goods and services in the promotion of young women, specifically through the sale of clothing items.

28. Defendant's conduct described above creates the false and misleading impression that Defendant is sanctioned, permitted, authorized or otherwise approved by JDI to

COMPLAINT - 4
(_____)

use the JDI Marks to advertise, market, offer for sale and/or sell clothing items when, in fact, Defendant is not so authorized.

29. Defendant is now engaging in the aforementioned activity with the intent to confuse and deceive consumers, the public and the trade.

30. Defendant's aforesaid use of the JDI Marks on similar products has caused, and is likely to continue to cause, confusion, mistake and deception with JDI and/or its products that are sold under the JDI Marks and will undoubtedly result in the belief by purchasers, consumers, the public and the trade that Defendant and/or its products are connected with, sponsored by or approved by JDI.

31. Defendant's use of JDI Marks constitutes infringement of registered and common law trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

32. On information and belief, Defendant's wrongful conduct has been willful, intentional and/or in reckless disregard of JDI's aforesaid rights.

33. Defendant's wrongful conduct has resulted in irreparable damage to JDI and will continue to irreparably damage JDI until enjoined by this Court. JDI is without an adequate remedy at law.

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

34. JDI incorporates all prior allegations as if set forth at length herein.

35. Defendant's conduct including, but not limited to, use of the JDI Marks on similar product(s), tends to falsely represents that Defendant and its aforesaid product(s) as being affiliated, connected or associated with or sponsored or approved by JDI in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Defendant's aforesaid acts constitute unfair competition with JDI and result in Defendant's unjust enrichment.

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

5868988.1

37. Defendant's wrongful conduct has resulted in irreparable damage to JDI and will continue to irreparably damage JDI until enjoined by this Court. JDI is without an adequate remedy at law.

## COUNT III
## VIOLATION OF STATE DECEPTIVE TRADE PRACTICES ACTS

38. JDI incorporates all prior allegations as if set forth at length herein.

39. The conduct of Defendant constitutes deceptive trade practices that have damaged JDI and affect the public interest in violation of the Washington Unfair Business Practices Act, Chapter 19.86 et. seq.

40. As a result of the conduct of Defendant, JDI is entitled to all of the legal remedies under the Nebraska Deceptive Trade Practice Act.

## COUNT IV
## COMMON LAW

41. JDI incorporates all prior allegations as if set forth at length herein.

42. The aforementioned acts of Defendant constitute infringement, dilution, unfair competition and deceptive trade practices under the common law of the State of Washington.

WHEREFORE, JDI prays that:

1. Defendant and its officers, agents, servants, employees, franchisees and attorneys, and all those persons in active concert or participation with them, be preliminarily and permanently enjoined from using in any manner the JDI Marks or JDI Registered Marks, and any similar marks likely to cause confusion with the JDI Marks, whether as a trade name, service mark or trademark, and whether alone or in association with other words or symbols.

2. Defendant be required, in accordance with 15 U.S.C. § 1118 and state law, to deliver up to JDI for destruction all items which in any way or manner depict the JDI Marks, and any similar marks likely to cause confusion with the JDI Marks, whether it is used alone or in association with other words or symbols.

COMPLAINT - 6
(_____)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

5868988.1

1     3.     JDI shall be awarded all damages Plaintiff has sustained as a consequence of Defendant's infringement of the JDI Marks or any unfair competition.

4.     Awarding JDI all gains, profits, and advantages derived by the Defendant's infringement of the JDI Marks or any unfair competition and that the same be held in constructive trust for the benefit of JDI.

5.     Awarding JDI prejudgment interest on all recoverable damages at the legal pre-judgment rate and interest on said sums at the legal judgment rate from the date of said judgment.

6.     Awarding JDI costs of the action as authorized by law.

7.     Awarding JDI treble the amount of actual damages suffered by it as authorized by law.

8.     Awarding JDI reasonable attorney's fees as authorized by law.

9.     JDI shall have such other and further equitable relief as the Court deems just and equitable.

Plaintiff requests a trial on all issues allowed under applicable law.

COMPLAINT - 7
(_____)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

5868988.1

1  DATED this 6th day of October, 2016.

2                                              s/ Rodney L. Umberger
                                               s/ Daniel J. Velloth
3                                              Rodney L. Umberger, Jr., WSBA #24948
                                               Daniel J. Velloth, WSBA #44379
4                                              WILLIAMS, KASTNER & GIBBS PLLC
                                               601 Union Street, Suite 4100
5                                              Seattle, WA 98101-2380
                                               Telephone: (206) 628-6600
6                                              Fax: (206) 628-6611
                                               rumberger@williamskastner.com
7                                              dvelloth@williamskastner.com

8                                              and

9                                              Brian T. McKernan, NE #22174
                                               McGrath North Mullin & Kratz, PC LLO
10                                             Suite 3700 First National Tower
                                               1601 Dodge St.
11                                             Omaha, Nebraska 68102
                                               (402) 341-3070
12                                             (402) 952-6896 fax
                                               bmckernan@mcgrathnorth.com
13
                                               Attorneys for Plaintiff Job's Daughters
14                                             International

15                                             *Application for pro hac vice forthcoming*

COMPLAINT - 8
(_____)

5868988.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600