Hon. Robert S. Lasnik

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

| | |
|---|---|
| JOB'S DAUGHTERS INTERNATIONAL, | NO. 16-CV-01573-RSL |
| Plaintiff, | **FIRST AMENDED ANSWER AND COUNTERCLAIMS** |
| v. | |
| HEIDI YOAST, | |
| Defendant; *and* | |
| HEIDI YOAST, | |
| Counterclaim Plaintiff, | |
| v. | |
| JOB'S DAUGHTERS INTERNATIONAL, SHELLY COLE aka SHELLY HOWRIGON, an individual, ROD REID, an individual | |
| Counterclaim Defendant | |

22

Defendant Heidi Yoast ("Defendant") in answer to the Complaint filed by Plaintiff

23

Job's Daughters International, states as follows:

24

25

26

FIRST AMENDED ANSWER AND COUNTERCLAIMS - 1

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

1.    Answering Paragraph 1 of the Complaint, Defendant lacks sufficient information to form a belief regarding the allegations and therefore denies each and every allegation in Paragraph 1.

2.    Answering Paragraph 2 of the Complaint, Defendant admits that Heidi Yoast is an individual residing in Maple Valley, Washington.

3.    Answering Paragraph 3, Defendant admits the allegations.

4.    Answering Paragraph 4, Plaintiff's characterization of the action and legal conclusions and require no response. To the extent a response is required, Defendant denies each and every allegation in Paragraph 4.

5.    Answering Paragraph 5, Defendant admits that this Court has subject matter jurisdiction over Plaintiff's trademark claims. To the extent Paragraph 5 contains additional allegations, Defendant denies them.

6.    Answering Paragraph 6, Defendant admits that this Court has supplemental jurisdiction over Plaintiff's claims under Washington state law. To the extent Paragraph 6 contains additional allegations, Defendant denies them.

7.    Answering Paragraph 7, Defendant admits that venue is proper in this Court and that the Court has personal jurisdiction over Defendant. To the extent Paragraph 7 contains additional allegations, Defendant denies them.

8.    Answering Paragraph 8, Defendant lacks sufficient information to form an opinion regarding the allegations and therefore denies each and every allegation in Paragraph 8.

9.    Answering Paragraph 9, Defendant lacks sufficient information to form an opinion regarding the allegations and therefore denies each and every allegation in Paragraph 9.

10.    Answering Paragraph 10, Plaintiff's allegations state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation in Paragraph 10.

FIRST AMENDED ANSWER AND COUNTERCLAIMS - 2

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

1    11.    Answering Paragraph 11, Defendant lacks sufficient information to form an

2    opinion regarding the allegations and therefore denies each and every allegation in Paragraph 1

3    12.    Answering Paragraph 12, Defendant lacks sufficient information to form an

4    opinion regarding the allegations and therefore denies each and every allegation in Paragraph 1

5    13.    Answering Paragraph 13, Defendant lacks sufficient information to form an

6    opinion regarding the allegations and therefore denies each and every allegations in Paragraph

7    14.    Answering Paragraph 14, Defendant denies the allegations.

8    15.    Answering Paragraph 15, Defendant denies the allegations.

9    16.    Answering Paragraph 16, Defendant admits receiving and responding to a cease

10   and desist letter from legal counsel to Job's Daughters International dated August 17, 2016.

11   Defendant further admits requesting a more definite statement from Plaintiff regarding the

12   marks at issue and the allegedly infringing products, which Plaintiff did not provide. Defendant

13   denies all remaining allegations in Paragraph 16.

14   17.    Answering Paragraph 17, Defendant denies the allegations.

15   18.    Answering Paragraph 18, Defendant denies the allegations.

16   19.    Answering Paragraph 19, Defendant denies the allegations.

17   20.    Answering Paragraph 20, Defendant denies the allegations.

18   21.    Answering Paragraph 21, Defendant denies the allegations.

19   22.    Answering Paragraph 22, Defendant denies the allegations.

20   23.    Answering Paragraph 23, because Paragraph 23 incorporates the allegations of

21   the preceding paragraphs by reference, it requires no response. To the extent a response is

22   required, Defendant responds to each and every allegation as set forth in the preceding

23   paragraphs.

24   24.    Answering Paragraph 24, Plaintiff's allegations state legal conclusions, to which

25   no answer is required. To the extent an answer is required, Defendant denies each and every

26   allegation in Paragraph 24.

FIRST AMENDED ANSWER AND COUNTERCLAIMS - 3

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

1    25.    Answering Paragraph 25, Defendant lacks sufficient knowledge to form a belief

2    regarding the allegations and therefore denies each and every allegation in Paragraph 25.

3    26.    Answering Paragraph 26, Defendant denies the allegations.

4    27.    Answering Paragraph 27, Defendant denies the allegations.

5    28.    Answering Paragraph 28, Defendant denies the allegations.

6    29.    Answering Paragraph 29, Defendant denies the allegations.

7    30.    Answering Paragraph 30, Defendant denies the allegations.

8    31.    Answering Paragraph 31, Plaintiff's allegations state legal conclusions, to which

9    no answer is required. To the extent an answer is required, Defendant denies the allegations in

10   Paragraph 31.

11   32.    Answering Paragraph 32, Defendant denies the allegations.

12   33.    Answering Paragraph 33, Defendant denies the allegations.

13   34.    Answering Paragraph 34, because Paragraph 34 incorporates the allegations of

14   the preceding paragraphs by reference, it requires no response. To the extent a response is

15   required, Defendant responds to each and every allegation as set forth in the preceding

16   paragraphs.

17   35.    Answering Paragraph 35, Plaintiff's allegations state legal conclusions, to which

18   no answer is required. To the extent an answer is required, Defendant denies each and every

19   allegation in Paragraph 35.

20   36.    Answering Paragraph 36, Plaintiff's allegations state legal conclusions, to which

21   no answer is required. To the extent an answer is required, Defendant denies each and every

22   allegation in Paragraph 36.

23   37.    Answering Paragraph 37, Defendant denies the allegations.

24   38.    Answering Paragraph 38, because Paragraph 38 incorporates the allegations of

25   the preceding paragraphs by reference, it requires no response. To the extent a response is

26

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

1   required, Defendant responds to each and every allegation as set forth in the preceding
2   paragraphs.

3       39.     Answering Paragraph 39, Plaintiff's allegations state legal conclusions, to which
4   no answer is required. To the extent an answer is required, Defendant denies each and every
5   allegation in Paragraph 39.

6       40.     Answering Paragraph 40, Defendant denies the allegations, including that
7   Plaintiff has alleged facts sufficient to establish jurisdiction for its Nebraska state law claims.

8       41.     Answering Paragraph 41, inasmuch as Paragraph 41 incorporates the allegations
9   of the preceding paragraphs by reference, it therefore requires no response. To the extent a
10  response is required, Defendant responds to each and every allegation as set forth in the
11  preceding paragraphs.

12      42.     Answering Paragraph 42, Plaintiff's allegations state legal conclusions, to which
13  no answer is required. To the extent an answer is required, Defendant denies the allegations in
14  Paragraph 42.

15      Plaintiff's prayer for relief requires no response.  To the extent a response is required,
16  Defendant denies that Plaintiff is entitled to any relief whatsoever.

17                              **AFFIRMATIVE DEFENSES**

18      1.      Plaintiff's claims are barred in whole or in part for failure to state a cause of
19  action upon which relief may be granted.

20      2.      Plaintiff's claims are barred in whole or in part by the statute of limitations.

21      3.      Plaintiff's claims are barred in whole or in part by the doctrines of res judicata
22  and/or collateral estoppel.

23      4.      Plaintiff's claims are barred in whole or in part by the doctrines of laches,
24  waiver, ratification, and estoppel.

25      5.      Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

26

FIRST AMENDED ANSWER AND COUNTERCLAIMS - 5

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington  98101-2939
206 464 3939

6.     Plaintiff's claims are barred in whole or in part by its failure to mitigate damages.

7.     Plaintiff's claims are barred in whole or in part by its failure to join necessary and/or indispensable parties.

As this lawsuit is at its inception, Defendant reserves the right to assert additional defenses and counterclaims as warranted by the facts revealed in discovery.

## COUNTERCLAIMS

Comes now Heidi Yoast ("Yoast") and for her Counterclaims against Job's Daughters International ("JDI"), Shelly Cole aka Shelly Howrigon ("Cole"), Rod Reid, ("Reid") (collectively, "Counterclaim Defendants") alleges as follows:

## I. PARTIES

1.     Yoast is an individual residing in Maple Valley, Washington.

2.     Upon Yoast's information and belief, Counterclaim Defendant JDI is a Non-Profit Corporation with a principal place of business in Papillion, Nebraska.

3.     Upon Yoast's information and belief, Counterclaim Defendant Shelly Cole/Howrigon is an individual residing in Riverton, Utah.

4.     Upon Yoast's information and belief, Counterclaim Defendant Ron Reid is an individual residing in Port Orchard, Washington.

## II. JURISDICTION AND VENUE

5.     This Court has supplemental jurisdiction over these counterclaims, which arise under the statutory and common laws of the State of Washington pursuant to 28 U.S.C. § 1367 (a) as all state law claims are so related to the federal claims originally brought by the

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

1    Counterclaim Defendant that they form a part of the same case or controversy and arise from a
2    common nucleus of operative facts.

3                            **III. COUNTERCLAIM FACTS**

4           6.     Paragraphs 1 to 5 directly above are incorporated by reference as if set forth
5    herein.

6           7.     Yoast has been a member of Job's Daughters International, aka the International
7    Order of Job's Daughters ("JDI"), since April 18th, 1981 when she was initiated into Bethel No.
8    71 in Kent, Washington.

9           8.     Since Yoast's initiation into JDI, she has held various offices as both a member
10   (between the ages of 11 and 20) and an adult volunteer throughout the years.

11          9.     Yoast has conducted her graphic design and promotional items business in
12   Maple Valley since approximately 2009.

13          10.    Yoast created her graphic design business as a way to defray the cost of her
14   cancer treatment and to give back to the various Masonic-related youth groups in Washington.

15          11.    Yoast relies on "word of mouth" to advertise her business, which has included
16   informal posts on Facebook of clothing items ordered from Yoast by JDI members.  Yoast
17   maintains no budget for outside marketing services.

18          12.    Over the past three (3) years, Yoast has printed t-shirts, hoodies and jackets for
19   members of JDI essentially at cost, making little or no profit. These items are all custom
20   ordered, "one off" designs for Bethels, Grand Bethels, the Supreme Bethel, or other members
21   and officers of JDI.

22          13.    On information and belief, at the Job's Daughters International Supreme Session
23   in Grand Rapids, Michigan, on or about Monday, July 25, 2016, during the open "Board of
24   Trustees' Town Hall Meeting" (hereinafter "Supreme Session"), Cole (then Supreme Guide)
25   stated that Yoast was illegally using JDI trademarks, had been sent several "cease and desist
26   letters," and members should not buy from her.

FIRST AMENDED ANSWER AND COUNTERCLAIMS - 7

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

14.     On August 11, 2016, Yoast sent a letter to Cole with a copy to JDI, informing them that Cole's statements were incorrect, were harmful, and requesting a retraction of the disparaging statements made at Supreme Session, and an apology to the Grand Bethel and Grand Guardian Council of Washington.

15.     On or about August 17, 2016, JDI sent a "cease and desist" letter to Yoast demanding destruction of infringing "materials" in her possession and an accounting of Yoast's gross revenues.

16.     On August 29, 2016, Yoast responded to JDI's letter requesting that JDI identify the alleged infringing materials, but she received no response.

17.     Yoast made repeated requests for JDI to identify the infringing items, but JDI remained unresponsive until October 7, 2016, when Counsel for JDI responded via email that "today [JDI is] filing a lawsuit in the United States District Court for the Western District of Washington."

18.     In fact, JDI had already filed its Complaint against Yoast on October 6, 2016, the day before JDI responded to Yoast's correspondence.

## IV. COUNT 1: INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

19.     Paragraphs 1 to 18 directly above are incorporated by reference as if set forth herein.

20.     Yoast had taken and processed several orders prior to JDI's Supreme Session in 2016.

21.     As a direct result of Cole's statements at the Supreme Session, information disseminated by representatives of JDI, and the institution of this litigation, those orders for promotional goods related to members, Bethels, Grand Bethels, or the Supreme Bethel of JDI were cancelled.

FIRST AMENDED ANSWER AND COUNTERCLAIMS - 8

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

1    22.    JDI, Cole, and Reid knew, or reasonably should have known, that Yoast had an

2    ongoing business lawfully providing promotional items to members, Bethels, Grand Bethels,

3    and the Supreme Bethel of JDI, and they also knew specifically of the orders placed that were

4    subsequently cancelled.

5    23.    JDI, Cole, and Reid violated their duty of non-interference with the performance

6    of contracts between Yoast and her clients.

7    24.    As a direct result of Counterclaim Defendants' actions, Yoast suffered damages

8    in an amount to be determined at trial.

9                    **V.    COUNT 2: INTERFERENCE WITH BUSINESS EXPECTENCY**

10   25.    Paragraphs 1 to 24 directly above are incorporated by reference as if set forth

11   herein.

12   26.    Prior to JDI's Supreme Session in 2016, Yoast had an ongoing relationship with

13   several members, Bethels, Grand Bethels, and the Supreme Bethel of JDI, as well as other

14   Masonic-affiliated youth organizations, including but not limited to the International Order of

15   the Rainbow for Girls and DeMolay International. Yoast also had relationships with various

16   Lodges, both state and local, of Freemasonry.

17   27.    Yoast took in yearly orders for the above-mentioned organizations for

18   promotional items related to annual meetings, events, and other miscellaneous gatherings.

19   28.    JDI, Reid, Cole, and JDI's agents and representatives all knew, or reasonably

20   should have known, of the aforementioned relationship and business expectancy of Yoast.

21   29.    Cole's statements at Supreme Session 2016, and the statements and actions of

22   Reid and various JDI agents and representatives, including, but not limited to, the filing of this

23   litigation, has been an intentional interference inducing and/or causing a breach and/or

24   termination of the herein described relationships and/or business expectancy.

25   30.    JDI and Cole's interference was for an improper purpose and via an improper

26   means.

FIRST AMENDED ANSWER AND COUNTERCLAIMS - 9

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
*eighteenth floor*
*1191 second avenue*
*seattle, washington 98101-2939*
*206 464 3939*

1    31.    As a direct result of Counterclaim Defendants' conduct, Yoast has been
2    damaged in an amount to be determine at trial.

3                        **VI.    COUNT 3: DEFAMATION**

4    32.    Paragraphs 1 to 31 directly above are incorporated by reference as if set forth
5    herein.

6    33.    At JDI's Supreme Session in 2016, Cole, a representative of JDI, stated that
7    Yoast was illegally using JDI trademarks, had been sent several "cease and desist letters," and
8    members should not buy from her.

9    34.    Yoast received several private messages from members in attendance at
10   Supreme Session 2016 regarding to Cole's statements.

11   35.    Cole's statements were false and defamatory. Yoast has never used any of JDI's
12   registered trademarks, and as of the time the statements were made, Yoast had never received a
13   "cease and desist" letter from JDI.

14   36.    Cole, JDI and its agents, and Reid, a member of JDI's Board of Trustees,
15   continue to make and maintain false and defamatory statements related to Yoast and her
16   graphic design business.

17   37.    The statements made about Yoast were false and unprivileged, and made
18   intentionally with actual knowledge of their falsity, with reckless disregard as to their truth or
19   falsity, or negligently without due care and caution.

20   38.    Yoast has suffered injury and damage as a result of these Counterclaim
21   Defendants' conduct in an amount to be proven at trial.

22        **VII. COUNT 4: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**

23   39.    Paragraphs 1 to 38 directly above are incorporated by reference as if set forth
24   herein.

25   40.    The intentional conduct of Cole, Reid, JDI, and its agents is and has been
26   extreme and outrageous. This conduct includes, but is not limited to; false allegations of

FIRST AMENDED ANSWER AND COUNTERCLAIMS - 10

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

1  ignoring "cease and desist" letters, false reports of telephonic conversations with Yoast and
2  Yoast's family, false statements of visiting Yoast's home, and other false statements regarding
3  this dispute.

4      41.    As a direct result of the conduct mentioned herein, Yoast has suffered the
5  following physical and emotional symptoms that include but are not limited to anger,
6  embarrassment, grief, disappointment, worry, anxiety, nausea, and physical symptoms of
7  nervousness, sleeplessness, stomach upset, anxiety, and immune issues.

8  **VIII. PRAYER FOR RELIEF**

9      42.    WHEREFORE, having fully stated her causes of action, Yoast hereby prays for
10  relief as follows:

11      A. For judgment against all Counterclaim Defendants arising out of their
12         tortious interference with business contract in an amount to be proved at
13         trial;

14      B. For judgment against all Counterclaim Defendants arising out of their
15         tortious interference with Yoast's business expectancy, in amount to be
16         proved at trial;

17      C. For judgement against all Counterclaim Defendants arising out of their
18         defamatory statements and/or publications against Yoast in an amount to be
19         proved at trial;

20      D. For judgment against all Counterclaim Defendants arising out of their
21         outrageous statements and/or actions and intentional infliction of emotional
22         distress to Yoast;

23      E. For an injunction against all Counterclaim Defendants, and current and
24         future agents and/or representatives of Counterclaim Defendants, against
25         further defamatory statements / actions and interference with her business
26         contracts or expectancies;

FIRST AMENDED ANSWER AND COUNTERCLAIMS - 11

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington  98101-2939
206  464  3939

1    F. For such other and further relief as the Court may deem just and proper.

2
     DATED this —— day of June, 2017.
3

4                                    By /s/ *Patricia I. Forman*

5                                    Patricia I. Forman, Esq. California Bar No. 245108,
                                     *pro hac vice* for Counter- Complainant / Defendant
6                                    Heidi Yoast

7                                    931 N. Maple Street 104
                                     Burbank, CA 91505
8                                    Telephone: 213-2708403
                                     Email: patriciaforman@gmail.com
9

10                                   GARVEY SCHUBERT BARER

11                                   By */s/ John B. Crosetto*
                                          John B. Crosetto, WSBA #36667
12
                                     GARVEY SCHUBERT BARER
13                                   1191 Second Avenue
                                     Suite 1800
14                                   Seattle, WA 98101-3438
                                     Telephone: (206) 464-3939
15                                   Facsimile: (206) 464-0125
                                     Email: jcrosetto@gsblaw.com
16                                   Email: egarcia@gsblaw.com
                                     Attorneys for Defendant
17                                   Heidi Yoast

18

19

20

21

22

23

24

25

26

FIRST AMENDED ANSWER AND COUNTERCLAIMS - 12

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

1

## CERTIFICATE OF SERVICE

2

The undersigned declares and states as follows:

3

I am a citizen of the United States, over the age of 18 years, not a party to the above-referenced matter, and am competent to be a witness.

4

5

On June 7, 2017, I electronically filed the following document(s):

6

## FIRST AMENDED ANSWER AND COUNTER CLAIMS

7

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all associated counsel of record.

8

I also served said documents in the manner set forth below on the following parties:

9

10

11

12

13

14

Rodney L. Umberger, WSBA #24948
Daniel J. Velloth, WSBA #44379
WILLIAMS, KASTNER & GIBBS, PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone:    206/628-6600
Fax:             206/628-6611
rumberger@williamskastner.com
dvelloth@williamskastner.com
***Attorneys for Plaintiff***

☒ *Via U.S. Mail*
☐ *Via Facsimile Transmission*
☒ *Via Email by USDC Western District EM/ECF Filing System*
☐ *Via Hand-Delivery*

15

16

17

18

19

Brian T. McKernan, NE #22174
McGRATH NORTH MULLIN & KRATZ, PC LLO
Suite 3700 First National Tower
1601 Dodge Street
Omaha, Nebraska 68102
Telephone:    402/341-3070
Fax:             402/952-6896
bmckernan@mcgrathnorth.com

☒ *Via U.S. Mail*
☐ *Via Facsimile Transmission*
☒ *Via Email by USDC Western District EM/ECF Filing System*
☐ *Via Hand-Delivery*

20

***Attorneys for Plaintiff Job's Daughters International***

21

I declare under penalty of perjury according to the laws of the State of Washington that the above statements are true and correct.

22

SIGNED at Seattle, Washington this 7th day of June, 2017.

23

24

*/s/ Jill M. Beagle*
Printed name:
Legal Assistant

25

GSB:8741667.4

26

FIRST AMENDED ANSWER AND COUNTERCLAIMS - 13

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939