The Honorable Robert S. Lasnik

1

2

3

4

5

6

7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| 8  JOB'S DAUGHTERS INTERNATIONAL, | NO. 16-cv-1573-RSL |
| 9  Plaintiff, | MODEL STIPULATED PROTECTIVE ORDER |
| 10  v. | |
| 11  HEIDI YOAST, | |
| 12  Defendant. | |
| 13  HEIDI YOAST, | |
| 14  Counterclaim-Plaintiff, | |
| 15  v. | |
| 16  JOB'S DAUGHTERS INTERNATIONAL, SHELLY COLE aka SHELLY HOWRIGON, an individual, ROD REID, an individual, | |
| 17 | |
| 18  Counterclaim-Defendants. | |

19

20      1.    PURPOSES AND LIMITATIONS

21          Discovery in this action is likely to involve production of confidential, proprietary, or

22   private information for which special protection may be warranted. Accordingly, the parties

23   hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

24   The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer

25   blanket protection on all disclosures or responses to discovery, the protection it affords from

**MODEL STIPULATED PROTECTIVE ORDER** - 1
(16-cv-1573-RSL )

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6166096.1

1 public disclosure and use extends only to the limited information or items that are entitled to

2 confidential treatment under the applicable legal principles, and it does not presumptively

3 entitle parties to file confidential information under seal.

4     2.   "CONFIDENTIAL" MATERIAL

5     "Confidential" material shall include the following documents and tangible things

6 produced or otherwise exchanged: sensitive financial or personal information, confidential or

7 proprietary business information, tax filings not otherwise available to the public, and third-

8 party agreements containing confidentiality provisions applicable to a party in this litigation.

9     3.   SCOPE

10     The protections conferred by this agreement cover not only confidential material (as

11 defined above), but also (1) any information copied or extracted from confidential material; (2)

12 all copies, excerpts, summaries, or compilations of confidential material; and (3) any

13 testimony, conversations, or presentations by parties or their counsel that might reveal

14 confidential material. However, the protections conferred by this agreement do not cover

15 information that is in the public domain, is subject to disclosure under the Freedom of

16 Information Act, or becomes part of the public domain through trial or otherwise.

17     4.   ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

18     4.1   Basic Principles. A receiving party may use confidential material that is

19 disclosed or produced by another party or by a non-party in connection with this case only for

20 prosecuting, defending, or attempting to settle this litigation. Confidential material may be

21 disclosed only to the categories of persons and under the conditions described in this

22 agreement. Confidential material must be stored and maintained by a receiving party at a

23 location and in a secure manner that ensures that access is limited to the persons authorized

24 under this agreement.

25

MODEL STIPULATED PROTECTIVE ORDER - 2
(16-cv-1573-RSL )

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6166096.1

1        4.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

2  otherwise ordered by the court or permitted in writing by the designating party, a receiving

3  party may disclose any confidential material only to:

4        (a)    the receiving party's legal counsel of record in this action, as well as employees

5  of counsel to whom it is reasonably necessary to disclose the information for this litigation;

6        (b)    the officers, directors, and employees (including in house counsel) of the

7  receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

8  agree that a particular document or material produced is for Attorney's Eyes Only ("AEO")

9  and is so designated;

10        (c)    experts and consultants to whom disclosure is reasonably necessary for this

11  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

12  A);

13        (d)    the court, court personnel, and court reporters and their staff;

14        (e)    copy or imaging services retained by counsel to assist in the duplication of

15  confidential material, provided that counsel for the party retaining the copy or imaging service

16  instructs the service not to disclose any confidential material to third parties and to immediately

17  return all originals and copies of any confidential material;

18        (f)    during their depositions, witnesses in the action to whom disclosure is

19  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be

20  Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.

21  Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential

22  material may not be disclosed to anyone except as permitted under this agreement;

23        (g)    the author or recipient of a document containing the information or a custodian

24  or other person who otherwise possessed or knew the information.

25

**MODEL STIPULATED PROTECTIVE ORDER - 3**
(16-cv-1573-RSL )

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6166096.1

1     4.3    Filing AEO Material. Before filing AEO material or discussing or

2  referencing such material in court filings, the filing party shall confer with the designating

3  party to determine whether the designating party will remove the AEO designation, whether

4  the document can be redacted, or whether a motion to seal or stipulation and proposed order is

5  warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the

6  standards that will be applied when a party seeks permission from the court to file material

7  under seal.

8     5.    DESIGNATING PROTECTED MATERIAL

9     5.1    Exercise of Restraint and Care in Designating Material for Protection.

10  Each party or non-party that designates information or items for protection under this

11  agreement must take care to limit any such designation to specific material that qualifies under

12  the appropriate standards. The designating party must designate for protection only those parts

13  of material, documents, items, or oral or written communications that qualify, so that other

14  portions of the material, documents, items, or communications for which protection is not

15  warranted are not swept unjustifiably within the ambit of this agreement.

16     Mass, indiscriminate, or routinized designations are prohibited. Designations that are

17  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

18  unnecessarily encumber or delay the case development process or to impose unnecessary

19  expenses and burdens on other parties) expose the designating party to sanctions.

20     If it comes to a designating party's attention that information or items that it designated

21  for protection do not qualify for protection, the designating party must promptly notify all other

22  parties that it is withdrawing the mistaken designation.

23     5.2    Manner and Timing of Designations. Except as otherwise provided in

24  this agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated

25

**MODEL STIPULATED PROTECTIVE ORDER - 4**
(16-cv-1573-RSL )

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6166096.1

1  or ordered, disclosure or discovery material that qualifies for protection under this agreement

2  must be clearly so designated before or when the material is disclosed or produced.

3       (a)    Information in documentary form: (e.g., paper or electronic documents and

4  deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

5  proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that

6  contains confidential material. If only a portion or portions of the material on a page qualifies

7  for protection, the producing party also must clearly identify the protected portion(s) (e.g., by

8  making appropriate markings in the margins).

9       (b)    Testimony given in deposition or in other pretrial or trial proceedings: the

10  parties must identify on the record, during the deposition, hearing, or other proceeding, all

11  protected testimony, without prejudice to their right to so designate other testimony after

12  reviewing the transcript. Any party or non-party may, within fifteen days after receiving a

13  deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

14       (c)    Other tangible items: the producing party must affix in a prominent place on the

15  exterior of the container or containers in which the information or item is stored the word

16  "CONFIDENTIAL." If only a portion or portions of the information or item warrant

17  protection, the producing party, to the extent practicable, shall identify the protected portion(s).

18       5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent

19  failure to designate qualified information or items does not, standing alone, waive the

20  designating party's right to secure protection under this agreement for such material. Upon

21  timely correction of a designation, the receiving party must make reasonable efforts to ensure

22  that the material is treated in accordance with the provisions of this agreement.

23      6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

24       6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a

25  designation of confidentiality at any time. Unless a prompt challenge to a designating party's

**MODEL STIPULATED PROTECTIVE ORDER** - 5
(16-cv-1573-RSL )

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1  confidentiality designation is necessary to avoid foreseeable, substantial unfairness,

2  unnecessary economic burdens, or a significant disruption or delay of the litigation, a party

3  does not waive its right to challenge a confidentiality designation by electing not to mount a

4  challenge promptly after the original designation is disclosed.

5        6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any

6  dispute regarding confidential designations without court involvement. Any motion regarding

7  confidential designations or for a protective order must include a certification, in the motion or

8  in a declaration or affidavit, that the movant has engaged or attempted to engage in a good faith

9  meet and confer conference with other affected parties in an effort to resolve the dispute

10  without court action. The certification must list the date, manner, and participants to the

11  conference or describe the movant's efforts to meet and confer. A good faith effort to confer

12  requires a face-to-face meeting or a telephone conference.

13        6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without

14  court intervention, the designating party may file and serve a motion to retain confidentiality

15  under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The

16  burden of persuasion in any such motion shall be on the designating party. Frivolous

17  challenges or designations, and those made for an improper purpose (e.g., to harass or impose

18  unnecessary expenses and burdens on other parties) may expose the challenging party or

19  designating party, respectively, to sanctions. All parties shall continue to maintain the material

20  in question as confidential until the court rules on the challenge.

21        7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>

22  <u>OTHER LITIGATION</u>

23        If a party is served with a subpoena or a court order issued in other litigation that

24  compels disclosure of any information or items designated in this action as

25  "CONFIDENTIAL," that party must:

**MODEL STIPULATED PROTECTIVE ORDER - 6**
(16-cv-1573-RSL )

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6166096.1

1        (a)      promptly notify the designating party in writing and include a copy of the

2    subpoena or court order;

3        (b)      promptly notify in writing the party who caused the subpoena or order to issue

4    in the other litigation that some or all of the material covered by the subpoena or order is

5    subject to this agreement. Such notification shall include a copy of this agreement; and

6        (c)      cooperate with respect to all reasonable procedures sought to be pursued by the

7    designating party whose confidential material may be affected.

8        8.       UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

9            If a receiving party learns that, by inadvertence or otherwise, it has disclosed

10   confidential material to any person or in any circumstance not authorized under this agreement,

11   the receiving party must immediately (a) notify in writing the designating party of the

12   unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

13   protected material, (c) inform the person or persons to whom unauthorized disclosures were

14   made of all the terms of this agreement, and (d) request that such person or persons execute the

15   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

16       9.       INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

17   PROTECTED MATERIAL

18           When a producing party gives notice to receiving parties that certain inadvertently

19   produced material is subject to a claim of privilege or other protection, the obligations of the

20   receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

21   provision is not intended to modify whatever procedure may be established in an e-discovery

22   order or agreement that provides for production without prior privilege review. Parties shall

23   confer on an appropriate non-waiver order under Fed. R. Evid. 502.

24

25

**MODEL STIPULATED PROTECTIVE ORDER** - 7
(16-cv-1573-RSL )

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6166096.1

10.   <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Upon written request made by the producing party within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**MODEL STIPULATED PROTECTIVE ORDER - 8**
(16-cv-1573-RSL )

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6166096.1

1     DATED this 10th day of August, 2017.

2    s/ Rodney L. Umberger

     s/ Daniel J. Velloth

3    Rodney L. Umberger, Jr., WSBA #24948

     Daniel J. Velloth, WSBA #44379

4    WILLIAMS, KASTNER & GIBBS PLLC

     601 Union Street, Suite 4100

5    Seattle, WA 98101-2380

     Telephone:  (206) 628-6600

6    Fax:  (206) 628-6611

     rumberger@williamskastner.com

7    dvelloth@williamskastner.com

8    and

9    Brian T. McKernan, Admitted *Pro Hac Vice*

     McGrath North Mullin & Kratz, PC LLO

10   Suite 3700 First National Tower

     1601 Dodge St.

11   Omaha, Nebraska 68102

     Telephone:  (402) 341-3070

12   Fax:  (402) 952-6896

     bmckernan@mcgrathnorth.com

13

     Attorneys for Plaintiff/Counterclaim-

14   Defendant Job's Daughters International

---

s/ Daniel J. Velloth for John B. Crosetto per email authority

John B. Crosetto, WSBA # 36667 (pending substitution)

GARVEY SCHUBERT BARER

1191 Second Avenue, Suite 1800

Seattle, WA 98101-3438

Telephone:  (206) 464-3939

Fax:  (206) 464-0125

jcrosetto@gsblaw.com

s/ Daniel J. Velloth for Patricia I. Forman per email authority

Patricia I. Forman, Admitted *Pro Hac Vice*

931 N. Maple Street, Suite 104

Burbank, CA 1505

Telephone:  (213) 270-8403

patriciaforman@gmail.com

s/Daniel J. Velloth for Tracey V. Munger per email authority

Tracy V. Munger, WSBA #33854

GROVES LAW OFFICES, LLP

The Old Tacoma Armory

1001 S. Yakima Ave #1

Tacoma, WA 98405

Telephone:  (253) 220-3511

Fax:  (253) 220-5557

tracey@groveslawoffices.com

Attorneys for Defendant/Counterclaim-Plaintiff, Heidi Yoast

---

19   PURSUANT TO STIPULATION, IT IS SO ORDERED.

20   DATED:  Aug. 17, 2017

21

22

23   Robert S. Lasnik, United States District Judge

24

25

**MODEL STIPULATED PROTECTIVE ORDER** - 9

(16-cv-1573-RSL )

6166096.1

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____, [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United

States District Court for the Western District of Washington on [date] in the case of

_____ [insert formal name of the case and the number and

initials assigned to it by the court]. I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt. I solemnly promise

that I will not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

GSB:8441519.2

**MODEL STIPULATED PROTECTIVE ORDER** - 10
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6166096.1