The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOB'S DAUGHTERS INTERNATIONAL,<br><br>      Plaintiff,<br><br>   v.<br><br>HEIDI YOAST,<br><br>      Defendant. | NO. 16-cv-1573-RSL<br><br>COUNTERCLAIM DEFENDANT SHELLY COLE'S MOTION TO DISMISS COUNTERCLAIM<br><br>NOTE ON CALENDAR:  October 6, 2017 |
| HEIDI YOAST,<br><br>      Counterclaim-Plaintiff,<br><br>   v.<br><br>JOB'S DAUGHTERS INTERNATIONAL, SHELLY COLE aka SHELLY HOWRIGON, an individual, ROD REID, an individual,<br><br>      Counterclaim-Defendants. | |

## I. INTRODUCTION

Counterclaim Plaintiff, Heidi Yoast, alleges that non-resident Counterclaim Defendant Shelly Cole Howrigon ("Cole") made certain statements about her and her business at a town hall meeting in Grand Rapids, Michigan that are actionable.  The Counterclaim, however, is completely devoid of any allegations that Ms. Cole has sufficient minimum contacts with Washington state that would permit this Court to exercise personal jurisdiction over her in a

COUNTERCLAIM DEFENDANT SHELLY COLE'S MOTION TO DISMISS COUNTERCLAIM - 1
(16-cv-1573-RSL )

6200704.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

manner that would meet the requirements of the Due Process Clause.  Because this Court cannot exercise personal jurisdiction, Ms. Cole respectfully requests that the Counterclaim be dismissed as to her.

## II.  STATEMENT OF FACTS

Cole has never lived or been employed in Washington.  Cole Aff., ¶ 4.  Rather, Ms. Cole is a longtime resident of Utah.  *Id.* at 4.  At no point has Ms. Cole ever been an owner, officer, director, agent or employee of a Washington corporation or any corporation whose principal place of business is or was in Washington.  *Id.*  Ms. Cole has never entered into contracts personally whose subject matter was located in Washington or with any person who resided in Washington. *Id.* at 5.

Ms. Cole does not have a bank account or any security accounts located in Washington. *Id.* at 6.  She does not own personal property or real property located in Washington. *Id.*  Similarly, she has never rented or leased any real or personal property in Washington. *Id.*  At no point has Ms. Cole ever been assessed state tax in Washington. *Id.*  Furthermore, Ms. Cole has not entered into a contract to insure any person, property or risk located in Washington. *Id.* at 7.

The Counterclaim is silent as to any alleged connection between Ms. Cole and Washington State.  *See* Counterclaim.  In fact, the Counterclaim indicates that "[u]pon Yoast's information and belief, Counterclaim Defendant Shelly Cole/Howrigon is an individual residing in Riverton, Utah.  *Id.* at ¶3.  Similarly, the statements that were allegedly made by Ms. Cole giving rise to the various claims set forth in the Counterclaim were made in Grand Rapids, Michigan.  *Id.* at 13.

COUNTERCLAIM DEFENDANT SHELLY COLE'S MOTION TO DISMISS COUNTERCLAIM - 2
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6200704.1

III.  ARGUMENT AND AUTHORITY

A. There is No Personal Jurisdiction Over Ms. Cole in Washington.

"A federal court may rule on the merits of a case only if it has personal jurisdiction over the parties." *Attachmate Corp. v. Public Health Trust,* 686 F. Supp. 2d 1140, 1145 (W.D. Wash. 2010) (citing to *Potter v. Hughes,* 546 F.3d 1051, 1060 (9th Cir. 2008)). Plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). To establish jurisdiction, plaintiff "must show that Washington's jurisdictional statute confers jurisdiction over [Ms. Cole] and that the exercise of jurisdiction accords with federal constitutional principles of due process." *Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.*, 1 F.3d 848, 850 (9th Cir. 1993). "Because Washington's long-arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under Washington law and federal law merge together." *Attachmate Corp.*, 686 F. Supp. 2d at 1145. Federal due process requires that a nonresident defendant have sufficient minimum contacts with the forum state such that exercising jurisdiction will not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 6 S. Ct. 154, 90 L.Ed. 95 (1945).

"Personal jurisdiction may be founded on either general jurisdiction or specific jurisdiction." *Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir. 1998). General jurisdiction under Washington law is authorized under RCW 4.28.080(10), while specific jurisdiction is conferred under RCW 4.28.185. *Amoco Egypt Oil Co.*, 1 F.3d at 850. Under either approach, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum state…such that [the defendant] should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). Courts consistently reject "attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between

COUNTERCLAIM DEFENDANT SHELLY COLE'S MOTION TO DISMISS COUNTERCLAIM - 3
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6200704.1

the plaintiff (or third parties) and the forum State." *Walden v. Fiore*, ___ U.S. ___, 134 S. Ct. 1115, 1122, 188 L. Ed. 2d 12 (2014).

### 1. The Court Lacks General Personal Jurisdiction Over Ms. Cole.

"Washington courts have interpreted [Washington's general jurisdiction statute, RCW 4.28.080(10)] as conferring general jurisdiction over nonresident defendants who conduct 'substantial' and 'continuous' business in the state 'of such a character as to give rise to a legal obligation.'" *Amoco Egypt Oil Co.*, 1 F.3d at 850-51; *see also Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002). The Ninth Circuit regularly "decline[s] to find general jurisdiction even where the contacts were quite extensive." *Amoco Egypt Oil Co.*, 1 F.3d at 851 n.3. In addition, "[a] mere showing that a defendant has systematic business contacts with the forum…is insufficient." *Weyerhaeuser Co v. Keating Fibre Int'l, Inc.*, 416 F. Supp. 2d 1041, 1045 (W.D. Wash. 2006). The "plaintiff must show that the defendant's activities transcend doing business 'with' the forum state such that it is fair to say that it is actually doing business 'in' the forum state." *Id.*; *see also Helicopteros Nacionales de Colombi v. Hall*, 466 U.S. 408, 418 (1984). "It is not enough to show that the defendant has 'stepped through the door' of the forum through ongoing business contacts; the plaintiff must show that the defendant 'has sat down and made itself at home.'" *Id.* (quoting *Glencore Grain Rotterdam B.V.*, 284 F.3d at 1125).

In the present matter, Ms. Cole is a longtime resident of Utah. She has never been an owner, officer, director, agent or employee of any Washington corporation or any corporation whose principal place of business is or was in Washington. Ms. Cole has never entered into any contracts whose subject matter was located in Washington or with any person who she believes resided in Washington. Ms. Cole does not have a bank or securities account in Washington. Ms. Cole does not own real or personal property located in Washington. Furthermore, Ms. Cole has not rented or leased any real or personal property in Washington.

COUNTERCLAIM DEFENDANT SHELLY COLE'S MOTION TO DISMISS COUNTERCLAIM - 4
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6200704.1

1  Ms. Cole has not ever been assessed state tax in Washington and has never paid any state tax to
2  or in Washington.  In short, Ms. Cole does not have the substantial or continuous contacts
3  necessary to establish personal jurisdiction.
4        A defendant does "not purposefully avail itself of the privilege of conducting business
5  in Washington simply by sending communications to the plaintiff's Washington residence."
6  *Van Steenwyk v. Interamerican Mgmt. Consulting Corp.*, 834 F. Supp. 336, 342 (E.D.Wash.
7  1993) (citing *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985)). Similarly, a
8  defendant's telephone conversations with a plaintiff in the forum state do not, without more,
9  "qualify as purposeful activity invoking the benefits and protection of the forum state." *Roth v.
10 Garcia Marquez*, 942 F.2d 617, 622 (9th Cir. 1991).
11       Washington does not have general jurisdiction over Ms. Cole.
12       2.    <u>The Court Lacks Specific Personal Jurisdiction Over Ms. Cole.</u>
13       Specific jurisdiction refers to a situation in which the cause of action arises directly
14 from the defendant's contacts with the forum state. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th
15 Cir. 1990).  This inquiry focuses on the relationship between the forum, the defendant, and the
16 litigation. *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977).  "Although it has been argued that
17 foreseeability of causing injury in another State should be sufficient to establish such contacts
18 there when policy considerations so require, the [United States Supreme] Court has
19 consistently held that this kind of foreseeability is not a 'sufficient benchmark' for exercising
20 personal jurisdiction." *Burger King Corp.*, 471 U.S. at 474 (footnote and italics omitted).
21       The Ninth Circuit applies a three-part test to determine whether specific jurisdiction
22 exists over the non-resident defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d
23 797, 802 (9th Cir. 2004).  Specific jurisdiction exists if (1) the defendant performed some act
24 or consummated some transaction with the forum or otherwise purposefully availed himself of
25 the privileges of conducting activities in the forum; (2) the claim arose out of or resulted from

COUNTERCLAIM DEFENDANT SHELLY COLE'S MOTION TO
DISMISS COUNTERCLAIM - 5
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6200704.1

the defendant's forum-related activities; and (3) exercising jurisdiction comports with fair play and substantial justice (*i.e.*, exercising jurisdiction must be reasonable). *Id.*; *see also Roth v. Garcia Marquez, supra,* 942 F.2d at 620-21.  The plaintiff bears the burden of satisfying the first two parts of the test. *Id.* "If the plaintiff meets his burden on the first two parts of the test, the burden shifts to the defendant to satisfy the third part by presenting a 'compelling case' that the exercise of jurisdiction is unreasonable." *Schwarzenegger,* 374 F.3d at 802.

        a.    <u>Ms. Cole Did Not Avail Herself To the Privilege of Conducting Any Activities in Washington.</u>

Counterclaim Plaintiff satisfies the first part of the specific jurisdiction test if she demonstrates "purposeful availment or purposeful direction." *Brayton Purcell LLP v. Recordon & Recordon,* 606 F.3d 1124, 1128 (9th Cir. 2010).  Purposeful availment is only established "if the defendant has taken deliberate action within the forum state or if it has created continuing obligations to forum residents." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).  Examples of purposeful availment of a forum state include executing or performing a contract. *Schwarzenegger,* 374 F.3d at 802. A defendant's use of mail, telephone, or other communications alone does not qualify as purposeful activity invoking the benefits and protection of the forum state. *Peterson v. Kennedy,* 771 F.2d 1244, 1262 (9th Cir. 1985). "The purposeful availment requirement ensures that a nonresident defendant will not be haled into court based upon 'random, fortuitous or attenuated' contacts with the forum state." *Panavision*, 141 F.3d at 1320 (quoting *Burger King*, 471 U.S. at 475).

In her Counterclaim, Counterclaim Plaintiff acknowledges that she believes Ms. Cole resides in Utah, not Washington.  Other than this concession, the Counterclaim is completely silent as to any other connections that exist between Ms. Cole and Washington.  Counterclaim Plaintiff has failed to allege facts establishing purposeful availment of Ms. Cole to the state of Washington, a necessary element to establish personal jurisdiction.

COUNTERCLAIM DEFENDANT SHELLY COLE'S MOTION TO DISMISS COUNTERCLAIM - 6
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6200704.1

    b. <u>No Connection Exists Between the Alleged Cause of Action and Washington.</u>

The second part of the specific jurisdiction test requires that the plaintiff's claims arise out of the defendant's activities *within* the forum state. *Panavision Int'l, L.P.,* 141 F.3d at 1322 (emphasis added). The Ninth Circuit follows a "but for" test in determining whether claims arise out of a defendant's local conduct. *Myers v. The Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001). Because the Counterclaim does not allege in any wrongful conduct by Ms. Cole in Washington, Counterclaim Plaintiff cannot satisfy the second prong of the test. Nor can she, as she has admitted that the alleged wrongful conduct of Ms. Cole took place in Grand Rapids, Michigan.

    c. <u>Traditional Notions of Fair Play and Substantial Justice Demonstrate that the Court Should Not Exercise Jurisdiction Over Ms. Cole.</u>

Even if a defendant is found to have minimum contacts with the forum state, the exercise of personal jurisdiction over the defendant must be reasonable, such that jurisdiction by a court in the particular case would comport with fair play and substantial justice. *Helicopteros Nacionales de Columbia*, 466 U.S. at 414. If the plaintiff has a weak case with regard to the first two parts of the three part test for specific jurisdiction, the defendant faces a lower burden with respect to establishing unreasonableness. *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994). The Ninth Circuit has set forth several factors for the Court to consider in determining whether the exercise of jurisdiction over a nonresident defendant satisfies the reasonableness test: (1) the extent of the nonresident defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant; (3) conflicts of law between the forum and the defendant's home jurisdiction; (4) the forum's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the dispute; (6) the plaintiff's interest in convenient and effective relief; and (7) an alternative forum's existence. *See*, *e.g.*, *Brand v. Menlove Dodge*, 796 F.2d 1070, 1075 (9th Cir. 1986).

COUNTERCLAIM DEFENDANT SHELLY COLE'S MOTION TO DISMISS COUNTERCLAIM - 7
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6200704.1

1    Here, the attempted exercise of personal jurisdiction over Ms. Cole is unreasonable.
2 First, Ms. Cole does not have any purposeful contacts with the state of Washington. Not only
3 is she not a resident, but she simply does not have any sufficient contacts to establish
4 jurisdiction. As such, the second factor also favors Ms. Cole as it would be expensive,
5 inconvenient and burdensome for her to be required to come to Washington to defend the
6 Counterclaim. Even if the burden on Counterclaim Plaintiff and Ms. Cole were equal (it is
7 not), the second factor "tips in favor of the defendant[ ] because the law of personal jurisdiction
8 is primarily concerned with the defendant's burden." *Ziegler v. Indian River Cnty.*, 64 F.3d
9 470 (9th Cir. 1995) (internal citations omitted). The third factor is neutral as there does not
10 appear to be any conflicts of law between the forum and Ms. Cole's home jurisdiction. The
11 fourth factor also favors Ms. Cole as the alleged actions, even if true, took place in Michigan,
12 not Washington. As to the fifth factor, that is also neutral. While Washington may be an
13 efficient and convenient forum for Counterclaim Plaintiff, it is similarly inefficient and
14 burdensome for Ms. Cole. Finally, to the extent Counterclaim Plaintiff believes she has valid
15 claims against Ms. Cole, she can certainly bring those in a jurisdiction that satisfies Ms. Cole's
16 due process rights. This Court should grant Ms. Cole's Motion to Dismiss the Counterclaim as
17 to Ms. Cole.

## IV. CONCLUSION

19    Based on the foregoing, the Court should grant Shelly Cole's Motion to Dismiss and
20 any other relief it finds just and warranted.

COUNTERCLAIM DEFENDANT SHELLY COLE'S MOTION TO DISMISS COUNTERCLAIM - 8
(16-cv-1573-RSL )

6200704.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1 | DATED this 14th day of September, 2017.

<br>

        s/ Rodney L. Umberger
        s/ Daniel J. Velloth
Rodney L. Umberger, Jr., WSBA #24948
Daniel J. Velloth, WSBA #44379
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
rumberger@williamskastner.com
dvelloth@williamskastner.com

and

Brian T. McKernan, Admitted *Pro Hac Vice*
McGrath North Mullin & Kratz, PC LLO
Suite 3700 First National Tower
1601 Dodge St.
Omaha, Nebraska 68102
(402) 341-3070
(402) 952-6896 fax
bmckernan@mcgrathnorth.com

Attorneys for Plaintiff/Counterclaim-Defendants

---

COUNTERCLAIM DEFENDANT SHELLY COLE'S MOTION TO DISMISS COUNTERCLAIM - 9
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6200704.1

CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2017, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following:

Rodney L Umberger, Jr    rumberger@williamskastner.com, ssanh@williamskastner.com

John B Crosetto    jcrosetto@gsblaw.com, jbeagle@gsblaw.com

Daniel Velloth    dvelloth@williamskastner.com, dlevitin@williamskastner.com, mphilomeno@williamskastner.com

Brian T. McKernan    bmckernan@mcgrathnorth.com

Patricia I. Forman    patriciaforman@gmail.com

DATED this 14th day of September, 2017.

    s/ Rodney L. Umberger
    s/ Daniel J. Velloth
    Rodney L. Umberger, Jr., WSBA #24948
    Daniel J. Velloth, WSBA #44379
    WILLIAMS, KASTNER & GIBBS PLLC
    601 Union Street, Suite 4100
    Seattle, WA 98101-2380
    Telephone:  (206) 628-6600
    Fax:  (206) 628-6611
    rumberger@williamskastner.com
    dvelloth@williamskastner.com

    Attorneys for Plaintiff/Counterclaim-Defendants

COUNTERCLAIM DEFENDANT SHELLY COLE'S MOTION TO DISMISS COUNTERCLAIM - 10
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6200704.1