Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOB'S DAUGHTERS INTERNATIONAL,

    Plaintiff,

v.

HEIDI YOAST,

    Defendant; *and*

HEIDI YOAST,

    Counterclaim Plaintiff,

v.

JOB'S DAUGHTERS INTERNATIONAL, SHELLY COLE aka SHELLY HOWRIGON, an individual, ROD REID, an individual

    Counterclaim Defendant

NO. 16-CV-01573-RSL

**OPPOSITION TO COUNTERCLAIM DEFENDANT SHELLY COLE'S MOTION TO DIMSISS COUNTERCLAIM**

## I. INTRODUCTION

Counterclaim Defendant Shelly Cole Howrigon ("Cole") moves this Court as if she has not been publicly targeting Counterclaim Plaintiff Heidi Yoast ("Yoast") for nearly three years via

OPPOSITION TO COUNTERCLAIM DEFENDANT SHELLY
COLE'S MOTION TO DIMSISS COUNTERCLAIM - 1

Patricia I. Forman, Esq.
931 N. Maple Street Ste 104
Burbank, California 91505
(213) 509-8708

public social media commentary on Yoast's public business pages, before large gatherings of the members and volunteers of Job's Daughters International ("JDI") ,within private groups related to Job's Daughters International, and via private message to Yoast and others.

Cole's persistent campaign against Yoast, spanning years, is more than sufficient to establish minimum contacts with Washington State and thus permit this Court to exercise personal jurisdiction over her in a manner that more than meets the requirements of the Due Process Clause. As this opposition will establish that this Court may exercise personal jurisdiction over Cole, Ms. Yoast respectfully requests that this Court deny Ms. Cole's motion.

## II. STATEMENT OF FACTS

On September 8, 2014, Cole reached out to one Brianna Hall, then Grand Bethel Honored Queen of the state of Missouri, also a Past Miss Missouri and Past Miss International Job's Daughter, to inquire regarding Brianna's "Jobie Letterman Jacket" she was having designed and made by Ms. Yoast. (*See* JDI 000139-000141, attached hereto and incorporated herein as Exhibit 1). Miss Hall provided Cole with Ms. Yoast's contact information. On September 9, 2014, Ms. Cole contacted Ms. Yoast regarding the "Jobie Letterman Jacket" (see Declaration of Heidi Yoast, ¶ 6). Within that same week, Yoast and Cole spoke via telephone about Cole's request to use Yoast's overall varsity jacket concept for "Supreme 2018 sales," which is a fundraiser for Job's Daughters International's Supreme Session in 2018, during which Ms. Cole would be Supreme Guardian (*Id.* at 7).

During their telephone conversation, Yoast told Cole that she would be willing to create a different product for Supreme 2018 sales, but would not do purple varsity jackets for the Supreme Session 2018 as it would directly compete with Brianna's vision and fundraiser (*Id.* at 8).

Yoast had no direct contact with Cole for a little more than a year. On October 8, 2015, Ms. Yoast posted a picture of a sash she had created as a gift on her public Facebook page, entitled "Got Jobies," now "Sweet JoRaDe" (*Id.* at 10). What ensued was a public lambasting

of Yoast by Cole accusing Yoast of competing with "Supreme 2018," breaking JDI's bylaws, and demanding to know "who profits" from Yoast's sash creation (*Id.* at 10), without any pause to speak to Yoast regarding Cole's concerns.

Far from finished, on October 9, 2015 Cole sent an email to Susan Goolsby, JDI's Executive Director, accusing Yoast of "upping her game," "competing with SAC 2018," and "making money off of us." (JDI_000121-JDI_123, attached hereto as Exhibit 2). Cole's emails continue into October 11, 2015, and eventually also include Sheila Galvin (a member of JDI's Board of Trustees) along with Susan Goolsby, accusing Yoast of "pushing at" JDI, calling Yoast "vicious" and "aggressive" (*id*).

At the same time, Yoast privately reached out to Cole, trying to "clear a whole mess of things up" regarding the sash. Cole responded that she had been discussing Yoast with a "Washington Past Bethel Guardian" and a "Daughter from WA" as well (Yoast Dec., ¶ 12).

Again, Cole's direct contacts with Yoast slow –for nearly a year. Then, at the general Supreme Guardian Council Meeting on July 28th, 2016, before many members and volunteers of JDI, including a delegation from Washington state, Cole told the crowd that a "Past Grand Bethel Honored Queen from Washington" had been sent several cease and deists letters but had continued to infringe upon JDI's trademarks. Cole's tirade continued after the general meeting before the delegation from Virginia, where Cole accused Yoast of violating JDI trademark, pulled up Yoast's Facebook pages, and accused Yoast of taking money away from the Supreme Guardian Council and competing with Supreme Arrangement Committee sales, while visibly appearing angry (*Id.* at 14, 16, 17).

On September 6, 2016, Cole again emailed Susan Goolsby images from Yoast's Facebook pages, accusing Yoast of "specifically targeting our organization," admitting that Yoast does not use JDI's registered trademarks, and encouraging litigation to preserve her "credibility" (see JDI_000117, attached hereto as Exhibit 3). This litigation was subsequently filed on October 6, 2016.

Even after the litigation was initiated, Cole continued to specifically track anything having to do with Yoast. In an email dated October 25, 2016, to Rod Reid and Susan Goolsby, Cole notes a $10,000 donation to Yoast's fundraising campaign to help her cover the costs of this litigation (see JDI_000127, attached hereto as Exhibit 4).

Since 2014, Cole has consistently reached into the state of Washington to inquire of Yoast regarding custom ordering from her shop, to discuss matters of conflict between herself and Yoast with others involved with JDI, and to post publicly on Yoast's business pages, which Cole knew to be based in the state of Washington. This is not a case of a few occasional interactions. This is a case of extensive, sustained, intentional reach into the state of Washington over a period of nearly three years by Ms. Cole – who freely admits that she is "not the BoT liason for trademark," and was, therefore, acting far outside the scope of her position with Job's Daughters International (Dec. of Yoast, Exhibit I) - which should result in the Court's exercise of personal jurisdiction in the matter of this cross-complaint.

### III. ARGUMENT AND AUTHORITY

Under both the general and the specific approach to personal jurisdiction, the constitutional touchstone is "whether the defendant purposefully established 'minimum contacts' in the forum state…such that [the defendant] should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz,* 471 U.S.462, 474, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).

This Federal Circuit typically applies a three-prong test in determining whether the exercise of specific jurisdiction over an out-of-state defendant comports with due process: "(1) the defendant must have "purposefully directed [its] activities at residents" of the forum state; (2) the claim must arise out of or relate to the defendant's activities in the forum state; and (3) the assertion of personal jurisdiction over the defendant must comport with traditional notions of fair play and substantial justice." *Authentify Patent Co., LLC v. Strikeforce Techs., Inc.,* 39 F. Supp. 3d 1135 (W.D. Wash. 2014) at 1143 citing *Akro Corp. v. Luker,* 45 F.3d 1541 (Fed. Cir.

1995).

### A. Cole Intentionally Targeted Yoast Over a Period of Years

Yoast is not attempting to hale Ms. Cole into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts (*see Burger King Corp. v. Rudzewicz*, *supra* at 462). The relationship between Ms. Cole and Ms. Yoast began approximately two years ago. Since that time, Cole has continuously maintained and made public a running "commentary" for each and every action undertaken by Ms. Yoast. Additionally, Ms. Cole initiated the original contact with Ms. Yoast, a resident of and sole proprietor in the state of Washington, who has resided in this state since 1970 with but a 5-year gap in the 1990s - and Ms. Cole is well aware that Ms. Yoast is a Past Grand Bethel Honored Queen of the Grand Bethel of Washington.

As it is well established that "a single act is sufficient to support personal jurisdiction where it establishes a "substantial connection" to the forum state," (*Authentify Patent Co., LLC v. Strikeforce Techs., Inc.*, *supra* at 1143), it therefore follows that multiple, intentional contacts with a specific resident of Washington which include personal messages, public postings on Ms. Yoast's social media sites, and telephone conversations with Ms. Yoast would satisfy the first prong of this requirement for specific personal jurisdiction.

### B. Yoast's Claim is a Direct Result of Ms. Cole's Multiple Contacts with Yoast

The second prong of the minimum contacts test asks whether the cause of action arises out of or directly relates to the purposefully directed activities (*Authentify Patent Co., LLC v. Strikeforce Techs., Inc.*, *supra* at 1145). Ms. Yoast has asserted counter claims for Intentional Interference with Contractual Relations, Interference with Business Expectancy, Defamation, and Intentional Infliction of Emotional Distress. The pivotal elements of each of those claims turn on the statements made by Ms. Cole about Ms. Yoast in various forums and over various platforms. There is no interference with contractual relations or business expectancy without some action that reaches into the jurisdiction where the negatively impacted business is located.

OPPOSITION TO COUNTERCLAIM DEFENDANT SHELLY
COLE'S MOTION TO DIMSISS COUNTERCLAIM - 5

Patricia I. Forman, Esq.
931 N. Maple Street Ste 104
Burbank, California 91505
(213) 509-8708

There can be no defamation without a writing or statement about the defamed individual – who is located in the state of Washington. Any emotional distress suffered by Ms. Yoast flows from Ms. Cole's continued campaign related to Ms. Yoast. Clearly these causes of action relate directly to Ms. Cole's purposefully directed activities.

C. No Compelling Considerations Exist to Render Jurisdiction Unreasonable

Ms. Cole purposefully established minimum contacts within the forum state as set forth herein. To avoid this forum's exercise of jurisdiction, Ms. Cole must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable" (*Authentify Patent Co., LLC v. Strikeforce Techs., Inc.*, *id* at 1147). Such cases are "limited to the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." *Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558 (Fed. Cir. 1994).

This is not one of those rare cases, and this Federal Circuit "has provided five factors for courts to apply in determining whether the exercise of personal jurisdiction is reasonable: (1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies" *Authentify Patent Co., LLC v. Strikeforce Techs., Inc., supra* at 1147 citing *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344 (Fed. Cir. 2003) at 1351-52).

///

Of note, Defendant argues using the factors set out in *Brand v. Menlove Dodge*, 796 F.2d 1070, 1075 (9th Cir. 1986), a 1986 case out of California that deals with product sales and passive movement of vehicles into the desired jurisdiction. The factors set forth in *Brand* are different than those factors that are currently used in the Western District of Washington (as set

forth in *Authentify Patent Co., LLC v. Strikeforce Techs., Inc., supra*), and, as such, Yoast will address each set of factors in turn (see Counterclaim Defendant Shelly Cole's Motion to Dismiss Counterclaim, p.7 lines 18-25).

Additionally, while Defendant's statement is true that her burden is lowered where the first two prongs are but weakly met (Counterclaim Defendant Shelly Cole's Motion to Dismiss Counterclaim, p.7 lines 15-18), the entirety of the Court's philosophy in application of the test, goes on to explain as follows:

> "the reasonableness prong of the due process inquiry evokes a sliding scale: the weaker the plaintiff's showing on the first two prongs (relatedness and purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction. The reverse is equally true: *an especially strong showing of reasonableness may serve to fortify a borderline showing of relatedness and purposefulness*."

*Ticketmaster-New York v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994) citing *Donatelli v. NHL,* 893 F.2d 459 (1st Cir. 1990) at 465, emphasis added).

It is against this backdrop, then, that all factors must be weighed.

### i. The *Authentify* Factors

The first factor relates to Cole's burden if she were to be brought into Washington. Cole argues that it would be "expensive, inconvenient and burdensome for her to be required to come to Washington to defend the Counterclaim" (Counterclaim Defendant Shelly Cole's Motion to Dismiss Counterclaim, p.8, lines 4-5). This statement fails to consider the fact that Cole is not only a key player in the underlying litigation in this jurisdiction against Yoast, and that, as the current Supreme Guardian of Job's Daughters International, Ms. Cole won't even be present in the state of Utah for any significant amount of time over the next twelve months in order to litigate any dispute. Ms. Cole will be traveling into Washington State for her deposition and to testify at trial. It would be most efficient to adjudicate the underlying claim and this counterclaim together, rather than have her making trips into both Washington and

Utah over the next year. (Yoast Dec., ¶ 21).

The next factor relates to the forum's interest in protecting its residents. Washington has a substantial interest in protecting its residents, and resident businesses, for actions that rise to the level of intentional interference with contractual relations, interference with business expectancy (which would all have Yoast's Washington-based business as a party to the contract), defamation, and intentional infliction of emotional distress. The state of Utah will be less interested in adjudicating interference with the contracts of a Washington-based business and damages as a result of that nexus of actions.

The third factor inquires as to the Plaintiff, Yoast's interest in obtaining relief. Washington individuals and businesses have an obvious interest in protecting themselves from the kind of conduct set forth in Yoast's Counterclaim.

Fourth, with regard to the interstate judicial system's interest in obtaining efficient resolution of this dispute, as this controversy relates to JDI's underlying trademark action against Ms. Yoast, involving much of the same witnesses and discovery, it would be most efficient to resolve all controversies in one action.

Finally, with respect to any conflict between the interests of Washington and Utah in furthering their own respective substantive laws, the laws relative to the causes of actions contained in Yoast's counterclaim are nearly identical. The only marked deviation is that the state of Utah is one of the few that has a criminal defamation provision (See Title 76, Chapter 9, Part 4, Section 404 of the Utah Code). Each and every one of the *Authentify* factors weigh in favor of finding jurisdiction in this forum is proper under these specific circumstances. As such, this Court should deny Ms. Cole's Motion.

    **ii.  The *Brand* factors**

Cole argues that exercise of personal jurisdiction in the instant case is unreasonable because she "does not have any purposeful contact with the state of Washington." Cole argues as if the multiple instances over several years of her reaching into the state of Washington to

specifically interact with Yoast, and at least two other Washington residents (that we know of), simply never happened. Quite the contrary, those contacts and actions establish that Cole has had sufficient specific contact with both Yoast and others regarding Yoast to establish jurisdiction.

The second factor, relative to the burden on Ms. Cole, discussed herein at page 7, lines 17-26, clearly weighs in favor of Washington retaining jurisdiction. The third factor, also discussed above, appears to be neutral, as there do not appear to be any conflicts of law between forums, aside from the additional possibility of criminal defamation in Utah as discussed herein.

The fourth factor again weighs in favor of Ms. Yoast and the exercise of jurisdiction in Washington, as does the fifth factor relative to the most efficient resolution of the controversy, also previously discussed herein under the *Authentify* factors.

Finally, while Ms. Yoast could certainly bring this action separately in the state of Utah, it would be quite inefficient as the facts upon which her claims rely are already being adjudicated in this Court, using almost identical witnesses. As such, This Court should grant Ms. Cole's Motion to Dismiss the Counterclaim as to Ms. Cole.

## IV. CONCLUSION

Recall that "an especially strong showing of reasonableness may serve to fortify a borderline showing of relatedness and purposefulness." *Ticketmaster-New York v. Alioto*, *supra*. Cole's actions establish a strong foundation for a finding of specific personal jurisdiction, but even were they not, the strong reasonableness of finding jurisdiction in this case would outweigh any shortcoming. The genesis of JDI's underlying litigation appears to be Ms. Yoast's request for an apology from Ms. Cole after her statements at JDI's Supreme Session in 2016. Ms. Cole's statements at Supreme Session are but one of the statements that underlie Ms. Yoast's counterclaim. As the two are inexorably linked, and based upon the incredibly reasonable proposition that we should litigate all claims together, and based on the

Patricia I. Forman, Esq.
931 N. Maple Street Ste 104
Burbank, California 91505
(213) 509-8708

1  foregoing arguments and case precedent establishing the foundation for an exercise of personal
2  jurisdiction, Ms. Yoast respectfully requests that this Court deny Shelly Cole's Motion to
3  Dismiss.

5  DATED this 1st day of October, 2017.

By /s/ *Patricia I. Forman, Esq.* _____

Patricia I. Forman, Esq. California Bar No. 245108, *pro hac vice* for Counter- Complainant / Defendant Heidi Yoast

931 N. Maple Street 104
Burbank, CA 91505
Telephone: 213-2708403
Email: patriciaforman@gmail.com

LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Approved as to form;

By */s/ Tracey V. Munger* _____
    Tracey V. Munger, WSBA #33854
GROVES LAW OFFICES, LLP
THE OLD TACOMA ARMORY
1001 S YAKIMA AVE #1
TACOMA, WA 98405
Phone: (253) 220-3511
Fax: (253) 220-5557
laura@groveslawoffices.com
tracey@groveslawoffices.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

# CERTIFICATE OF SERVICE

The undersigned declares and states as follows:

I am a citizen of the United States, over the age of 18 years, not a party to the above-referenced matter, and am competent to be a witness.

On October 1, 2017, I electronically filed the following document(s):

**OPPOSITION TO COUNTERCLAIM DEFENDANT SHELLY COLE'S MOTION TO DISMISS COUNTERCLAIM**

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all associated counsel of record.

I also served said documents in the manner set forth below on the following parties:

| | |
|---|---|
| Rodney L. Umberger, WSBA #24948<br>Daniel J. Velloth, WSBA #44379<br>WILLIAMS, KASTNER & GIBBS, PLLC<br>601 Union Street, Suite 4100<br>Seattle, WA  98101-2380<br>Telephone:     206/628-6600<br>Fax:               206/628-6611<br>rumberger@williamskastner.com<br>dvelloth@williamskastner.com<br>*Attorneys for Plaintiff* | ☐ *Via U.S. Mail*<br>☐ *Via Facsimile Transmission*<br>☒ *Via Email by USDC Western District EM/ECF Filing System*<br>☐ *Via Hand-Delivery* |
| Brian T. McKernan, NE #22174<br>McGRATH NORTH MULLIN & KRATZ, PC LLO<br>Suite 3700 First National Tower<br>1601 Dodge Street<br>Omaha, Nebraska  68102<br>Telephone:     402/341-3070<br>Fax:               402/952-6896<br>bmckernan@mcgrathnorth.com<br><br>*Attorneys for Plaintiff Job's Daughters International* | ☐ *Via U.S. Mail*<br>☐ *Via Facsimile Transmission*<br>☒ *Via Email by USDC Western District EM/ECF Filing System*<br>☐ *Via Hand-Delivery* |

I declare under penalty of perjury according to the laws of the State of Washington that the above statements are true and correct.

SIGNED at Burbank, California this 1st day of October, 2017.

*/s/ Patricia Forman*
Printed name: Patricia Forman