The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOB'S DAUGHTERS INTERNATIONAL,<br><br>        Plaintiff,<br><br>   v.<br><br>HEIDI YOAST,<br><br>        Defendant. | NO. 16-cv-1573-RSL<br><br>COUNTERCLAIM DEFENDANT SHELLY COLE'S REPLY BRIEF IN SUPPORT OF HER MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION<br><br>NOTE ON CALENDAR: October 6, 2017 |
| HEIDI YOAST,<br><br>        Counterclaim-Plaintiff,<br><br>   v.<br><br>JOB'S DAUGHTERS INTERNATIONAL, SHELLY COLE aka SHELLY HOWRIGON, an individual, ROD REID, an individual,<br><br>        Counterclaim-Defendants. | |

Counterclaim Defendant, Shelly Cole aka Shelly Howrigon ("Cole"), submits this Reply brief in support of her Motion to Dismiss. Counterclaim Plaintiff Heidi Yoast ("Yoast") does dispute Ms. Cole's factual contentions or the conclusion that Cole is not subject to the general jurisdiction of the state of Washington. *See* Doc. Nos. 32, 35. Rather, Yoast argues

COUNTERCLAIM DEFENDANT SHELLY COLE'S REPLY BRIEF IN SUPPORT OF HER MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 1
(16-cv-1573-RSL )

6215594.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

Ms. Cole is subject to the specific jurisdiction the state of Washington. As a result, this Reply will focus on Yoast's failure to meet her burden with respect to this Court's ability to exercise specific personal jurisdiction over Ms. Cole.

A. COLE'S PURPORTED LIMITED CONTACTS WITH YOAST, EVEN IF ADMISSIBLE[1], ARE INSUFFICIENT TO CREATE SPECIFIC PERSONAL JURISDICTION.

To establish specific jurisdiction, the plaintiff must show that: (1) defendant purposefully availed itself of the privilege of conducting activities in Washington, thereby invoking the benefits and protections of its laws; (2) plaintiff's claims arise out of defendant's Washington-related activities; and (3) the exercise of jurisdiction would be reasonable. *Microsoft Corp. v. Aventis Sys., Inc.*, No. C16-1234RSM, 2016 WL 6650996, at *2 (W.D. Wash. Nov. 10, 2016) (citing *Easter v. American West Financial*, 381 F.3d 948, 960-61 (9th Cir. 2004)*; Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)).[2] It is Yoast's burden to establish the first two prongs of this test, and if she meets this burden, the burden then shifts to Cole to show that the exercise of personal jurisdiction is unreasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

    1. Cole Has Not Purposefully Availed Herself Of The Privilege Of Conducting Activities in Washington

The first prong focuses on a "nonresident defendant's contacts with the forum state that are relevant for purposes of a personal jurisdiction analysis." *Gordon v. Virtumundo, Inc.*, No. CV06-0204JCC, 2006 WL 1495770, at *3 (W.D. Wash. May 24, 2006) (emphasis in original). "To establish purposeful direction, the plaintiff must show that the defendant committed an

---

[1] Portions of the "evidence" relied upon by Yoast that are attached to her Opposition or her Declaration consist of inadmissible hearsay and are not relevant to the claims in the Counterclaim. Ms. Cole objects to the admissibility of the same.

[2] Yoast points to the three-prong test from *Authentify Patent Co., LLC v. StrikeForce Technologies, Inc.*, 39 F.Supp.3d 1135, 1142 (W.D. Wash 2014) which applied the law of the Federal Circuit. However, *Authentify* was a patent infringement case, applying the controlling law of the Federal Circuit. In this case, because no patent infringement is alleged, the Ninth Circuit jurisprudence cited by Cole controls.

COUNTERCLAIM DEFENDANT SHELLY COLE'S REPLY BRIEF IN SUPPORT OF HER MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 2
(16-cv-1573-RSL )

6215594.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

intentional act, expressly aimed at the forum state, causing harm that the defendant knows is likely to be suffered in the forum state." *Microsoft Corp. v. Commc'ns & Data Sys. Consultants, Inc.*, 127 F. Supp. 3d 1107, 1114 (W.D. Wash. 2015). As the Supreme Court recently explained, "the plaintiff cannot be the only link between the defendant and the forum," rather personal jurisdiction "must arise out of contacts that the 'defendant himself' creates with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1122, 188 L.Ed. 2d 12 (2014).

Importantly, the Ninth Circuit has repeatedly held that "use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state." *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985). Despite the clear holding in both *Walden* and *Peterson*, Yoast argues that (i) a single phone call made by Cole to Yoast in September 2014, (ii) comments made by Cole to Yoast in response to a photo posted on social media, and (iii) statements Cole allegedly made while at a meeting in the state of Michigan, are collectively sufficient to establish Ms. Cole's purposeful contact with the state of Washington. *See* Doc. No. 36.

Furthermore, even if the telephone call or social media posts were sufficient to establish purposeful contact under applicable law, Yoast's contention that "Cole has consistently reached into the state of Washington to inquire of Yoast regarding custom ordering from her shop, to discuss matters of conflict…, and to post publicly on Yoast's business pages…," is simply not supported by Yoast's own evidence. Doc. No. 35, p. 4. Rather, the evidence submitted by Yoast highlights the lack of purposeful contacts between Ms. Cole and the state of Washington.[3] Cole's purported statements while at a meeting in Michigan do not establish purposeful contact with the state of Washington. Furthermore, every communication but the first set forth in Exhibit A to Yoast's Declaration (Doc. 36-1), shows Cole responding to social

---

[3] In her Opposition, Yoast does not challenge any of the factual statements made by Cole in support of the Motion to Dismiss.

COUNTERCLAIM DEFENDANT SHELLY COLE'S REPLY BRIEF IN SUPPORT OF HER MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 3
(16-cv-1573-RSL )

6215594.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

media communications initiated by Yoast herself. There is a reason the limited social media comments are insufficient to establish purposeful activities to the state of Washington. If such social media comments were considered sufficient contacts with a forum state, then each individual who commented on a social media site would be subject to the personal jurisdiction of every state in which fellow commenters reside. Yoast cites no authority that supports this novel proposition.[4] Yoast simply cannot meet her burden to show Cole purposefully availed herself to the privilege of conducting activities in the state of Washington.

2. <u>Yoast's Counterclaim Against Cole Does Not Arise Out of Cole's Alleged Contact with the State of Washington</u>

Even if one were to assume Yoast could establish that Cole had purposeful activities directed at the state of Washington, she still fails to meet her burden as she cannot meet the second prong of the specific jurisdiction analysis. The second prong requires a court to "determine whether a plaintiff's claim would have arisen but for a defendant's contacts with the forum state." *Gen Ads, LLC v. Breitbart*, 435 F. Supp. 2d 1116, 1123 (W.D. Wash. 2006). Here, the allegations in Yoast's counterclaim against Cole are not based on Cole's purported contacts with the state of Washington. Again, Yoast alleges the following contacts between Ms. Cole and the state of Washington: (i) a single phone call made to Yoast, (ii) social media communications, and (iii) alleged statements made by Cole to other individuals at a meeting that took place in Michigan. Even if true and admissible, the only purported contact that relates to Yoast's counterclaims against Cole are the statements made in Michigan and the social media posts.

---

[4] In fact, courts in the Ninth Circuit which have examined recent Supreme Court rulings have come to essentially the opposite conclusion. " [T]he fact that the Supreme Court held that it would be a violation of the defendant's due process rights to be forced to submit to personal jurisdiction based merely on his or her knowledge of the plaintiff's location suggests that the high court's holding cannot be cabined to torts committed in the non-virtual world. *Microsoft Corp. v. Commc'ns & Data Sys. Consultants, Inc*., 127 F. Supp. 3d 1107, 1115 (W.D. Wash. 2015) (citing *Under A Foot Plant v. Exterior Design, Inc*., 2015 U.S. Dist. LEXIS 37596, 2015 WL 1401697, at *4 & n. 1 (D.Or. March 24, 2015)).

COUNTERCLAIM DEFENDANT SHELLY COLE'S REPLY BRIEF IN SUPPORT OF HER MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 4
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6215594.1

Yoast's counterclaims against Cole include claims for (1) intentional interference with contractual relationship; (2) interference with business expectancy; (3) defamation; and (4) intentional infliction of emotional distress. *See* Doc. No. 17. The first three claims for relief all stem from the statements Cole allegedly made "at the Supreme Session," which Yoast admits took place in Grand Rapids, Michigan. *Id*. at ¶¶ 13, 21, 29, 33, 40. Yoast's fourth claim against Cole simply points to false allegations, reports or statements Cole allegedly made. *Id*. at ¶ 40. None of these allegations include Washington related activities. *Id*. Rather the counterclaim involves statements allegedly made in Michigan and social media comments. *Id*. In short, the evidence to which Yoast points to support her contention that personal jurisdiction exists is in no way related to the actions at issue in the Counterclaim. As a result, Yoast fails to meet her burden with the second prong of the specific jurisdiction analysis.

### 3. Personal Jurisdiction Over Cole Would Not Be Reasonable

Although the Court does not need to address the third prong of the specific jurisdiction analysis due to Yoast's failure to meet her burden with respect to the first two, Cole offers the following analysis for purposes of completeness. When the plaintiff has a weak case with regard to the first two parts of the three prong test, as is the case here, the defendant's burden to show unreasonableness is much lower. *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994).[5]

Yoast identifies five factors from Federal Circuit jurisprudence;[6] this is not the correct test. The correct test in the Ninth Circuit identifies six or seven factors. It was recently stated

---

[5] Again, Yoast relies on a W.D. of Washington case applying the factors from the Federal Circuit, rather than the *Brand* factors which are applicable here. *See e.g.*, *Microsoft Corp. v. Aventis Sys., Inc*., 2016 WL 6650996, at *5 (citing to and applying the *Brand* factors).

[6] Even looking to the factors Yoast identifies in her opposition, on these facts Cole undoubtedly meets her low burden with respect to this factor as the exercise of personal jurisdiction over Cole in this matter is unreasonable.

COUNTERCLAIM DEFENDANT SHELLY COLE'S REPLY BRIEF IN SUPPORT OF HER MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 5
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6215594.1

by a Western District of Washington Court as: "1) existence of an alternative forum; 2) burden on the defendant; 3) convenience and effectiveness of relief for the plaintiff; 4) most efficient judicial resolution of the dispute; 5) conflict with sovereignty of the defendants' state; 6) extent of purposeful interjection; and the forum state's interest in the suit." *Microsoft Corp. v. Aventis Sys., Inc*., 2016 WL 6650996, at *5 (citing *Brand v. Menlove Dodge*, 796 F. 2d 1070, 1075 (9th Cir. 1986)).

First, there is no doubt that an alternative forum exists, one such forum is Utah, the residence of Cole. The second and third factors weigh in favor of not finding personal jurisdiction. While Plaintiff's interest in obtaining relief is a factor, there is nothing stopping Yoast from seeking relief in the appropriate Court where Cole is subject to personal jurisdiction. In contrast, requiring Ms. Cole to travel to Washington to defend the Counterclaim would create a significant burden on her. Cole is a resident of the state of Utah, and if she is required to travel to Washington to defend Yoast's counterclaim, she would incur great expense, burden, and inconvenience. While Yoast contends that Cole "will be traveling into Washington State for her deposition and to testify at trial," this is simply incorrect. *See* Doc. No. 35. Cole has made no such commitment. Cole has agreed to make herself available for deposition in Omaha, Nebraska, the home office of Job's Daughters International. *See* Declaration of Brian T. McKernan**,** ¶2**.** She has not made any commitment to attend a trial in Washington. *Id.*

---

Yoast points to the following factors: (1) the burden on the defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies." *Authentify Patent Co., LLC v. StrikeForce Techs*., Inc., 39 F. Supp. 3d 1135, 1147.

COUNTERCLAIM DEFENDANT SHELLY COLE'S REPLY BRIEF IN SUPPORT OF HER MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 6
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6215594.1

Yoast further contends that Cole will be traveling for the next twelve months as a result of Cole's position with JDI and that she will not be present in the state of Utah during that time. Such analysis is misplaced. The issue is the burden placed on Cole and whether she is subject to the jurisdiction of a Washington court. Given the complete absence of any meaningful contact between Cole and the state of Washington, which Yoast does not refute, the expense, inconvenience and burden this would place on Cole would be unreasonable. The plaintiff's interest in convenient and effective relief is far outweighed by the burden imposed upon the defendant. "[I]n this circuit, the plaintiff's convenience is not of paramount importance." *Menken v. Emm*, 503 F.3d 1050, 1061 (9th Cir. 2007); *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1116 (9th Cir.2002).

Fourth, the judicial system's interest in obtaining the most efficient relief must be considered. While it might be more efficient to have Cole come to Washington because Yoast's counterclaim against JDI and Cole are similar, the burden to Cole far outweighs this singular factor. Defendants are not subject to the jurisdiction of any court simply because it might be more judicially efficient when every other factor weighs in favor of finding that exercising such jurisdiction would be unreasonable.

The fifth factor, state sovereignty, is not at issue in this case.

The sixth factor looks to the interest of the forum state. Here, the alleged acts relevant to the Counterclaim, even if taken as true, took place in Michigan, not in Washington. Thus, while Washington may have an interest in protecting its residents (as Yoast contends), the alleged actions that gave rise to Yoast's claim simply took place in another state. Finally, with

COUNTERCLAIM DEFENDANT SHELLY COLE'S REPLY BRIEF IN SUPPORT OF HER MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 7
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6215594.1

regard to the interests of Washington and Utah, this factor is neutral because the laws applicable to Yoast's claims are substantively similar.

Because Yoast cannot carry her burden as to the first two prongs of the personal jurisdiction test, analysis of the reasonable factors are unnecessary. Still, looking at the applicable reasonableness factors, it is clear that subjecting Cole to the personal jurisdiction of this Court would be unreasonable and contradict the traditional notions of fair play and substantial justice. Cole's motion to dismiss for lack of personal jurisdiction should be granted.

## CONCLUSION

The allegations that form the basis of Yoast's claims against Cole are in no way related to any of the contacts Yoast contends Cole had with the state of Washington. Yoast has failed to meet her burden of establishing that Cole had sufficient contacts with Washington or that what contacts Cole allegedly did have gave rise to Yoast's claims against Cole. Furthermore, to subject Cole to the personal jurisdiction of this Court despite Cole's complete lack of contact with the state of Washington would be so unreasonable so as to offend the traditional notions of fair play and substantial justice. Cole's motion to dismiss for lack of personal jurisdiction must be granted.

COUNTERCLAIM DEFENDANT SHELLY COLE'S REPLY BRIEF IN SUPPORT OF HER MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 8
(16-cv-1573-RSL )

6215594.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

DATED this 6th day of October, 2017.

s/ Rodney L. Umberger
s/ Daniel J. Velloth
Rodney L. Umberger, Jr., WSBA #24948
Daniel J. Velloth, WSBA #44379
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
rumberger@williamskastner.com
dvelloth@williamskastner.com

and

Brian T. McKernan, Admitted *Pro Hac Vice*
McGrath North Mullin & Kratz, PC LLO
Suite 3700 First National Tower
1601 Dodge St.
Omaha, Nebraska 68102
(402) 341-3070
(402) 952-6896 fax
bmckernan@mcgrathnorth.com

Attorneys for Plaintiff/Counterclaim-Defendant
Job's Daughters International

COUNTERCLAIM DEFENDANT SHELLY COLE'S REPLY BRIEF
IN SUPPORT OF HER MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION - 9
(16-cv-1573-RSL )

6215594.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2017, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following:

Rodney L Umberger, Jr   rumberger@williamskastner.com, ssanh@williamskastner.com

John B Crosetto   jcrosetto@gsblaw.com, jbeagle@gsblaw.com

Daniel Velloth   dvelloth@williamskastner.com, dlevitin@williamskastner.com, mphilomeno@williamskastner.com

Brian T. McKernan   bmckernan@mcgrathnorth.com

Patricia I. Forman   patriciaforman@gmail.com

DATED this 6th day of October, 2017.

s/ Rodney L. Umberger
s/ Daniel J. Velloth
Rodney L. Umberger, Jr., WSBA #24948
Daniel J. Velloth, WSBA #44379
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
rumberger@williamskastner.com
dvelloth@williamskastner.com

Attorneys for Plaintiff/Counterclaim-Defendant Job's Daughters International

COUNTERCLAIM DEFENDANT SHELLY COLE'S REPLY BRIEF IN SUPPORT OF HER MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 10
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6215594.1