UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
JOB'S DAUGHTERS INTERNATIONAL,      )   No. C16-1573RSL
                                    )
                Plaintiffs,         )
        v.                          )   ORDER GRANTING SHELLY
                                    )   COLE'S MOTION TO DISMISS
HEIDI YOAST,                        )   FOR LACK OF PERSONAL
                                    )   JURISDICTION
                Defendant.          )
_____)

This matter comes before the Court on "Counterclaim Defendant Shelly Cole's Motion to Dismiss Counterclaim" for lack of personal jurisdiction." Dkt. # 32. Defendant Heidi Yoast has asserted counterclaims of intentional interference with contractual relations, interference with business expectancy, defamation, and intentional infliction of emotional distress against Ms. Cole. Dkt. # 19 at 8-11. Ms. Cole, an officer of defendant Job's Daughters International ("JDI"), seeks dismissal of all claims under Fed. R. Civ. P. 12(b)(2) on the ground that the Court lacks personal jurisdiction over her.

Ms. Yoast has the burden of demonstrating that the Court may exercise personal jurisdiction over Ms. Cole. In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 741 (9th Cir. 2013). In evaluating Ms. Cole's jurisdictional contacts, the Court accepts uncontroverted allegations in the counterclaim as true. Menken v. Emm, 503 F.3d 1050, 1056 (9th Cir. 2007). Because the motion is based on written materials rather than an evidentiary

ORDER GRANTING SHELLY COLE'S
MOTION TO DISMISS

hearing, the Court evaluates the uncontroverted allegations and the evidence submitted to determine whether Ms. Yoast has made a prima facie showing of jurisdictional facts. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). Conflicts in the evidence provided by the parties must be resolved in Ms. Yoast's favor. Id.

Pursuant to Fed. R. Civ. P. 4(k)(1)(A), federal courts ordinarily follow state law when determining the extent to which they can exercise jurisdiction over a person. Daimler AG v. Bauman, __ U.S. __, 134 S. Ct. 746, 753 (2014). The Washington Supreme Court has held that, despite the rather narrow language used in Washington's long-arm statute, RCW 4.28.185, the statute "extends jurisdiction to the limit of federal due process." Shute v. Carnival Cruise Lines, 113 Wn.2d 763, 771 (1989). The Court therefore need determine only whether the exercise of jurisdiction comports with federal constitutional requirements. Easter v. Am. W. Fin., 381 F.3d 948, 960 (9th Cir. 2004).

In order to justify the exercise of jurisdiction over a non-resident under the federal constitution, Ms. Yoast must show that Ms. Cole had "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). Two different categories of personal jurisdiction have developed, namely "general jurisdiction" and "specific jurisdiction." "A court may assert general jurisdiction over foreign (sister-state or foreign-country) [defendants] to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (quoting Int'l Shoe, 326 U.S. at 317). Specific jurisdiction, on the other hand, "focuses on the relationship among the defendant, the forum, and the litigation" and exists when "the defendant's suit-related conduct [creates] a substantial connection with the forum State." Walden v. Fiore, __ U.S. __, 134 S. Ct. 1115, 1121 (2014) (internal quotation marks and

citations omitted). Ms. Yoast argues that the Court may assert specific jurisdiction over Ms. Cole in this case.

The state's authority to bind a non-resident defendant is justified only if there is a sufficient connection between the defendant, the forum, and the cause of action. Helicopteros Nacionales de Columbia, SA v. Hall, 466 U.S. 408, 413-14 (1984). The Ninth Circuit applies a three-prong test when determining whether to exercise specific jurisdiction over a non-resident:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002). Ms. Yoast argues that Ms. Cole purposefully directed[1] her activities at Washington when she made defamatory or otherwise disparaging comments about a person whom she knew to be a Washington resident. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[2] the Court finds as follows:

---

[1] The allegations do not support the exercise of jurisdiction based on the separate purposeful availment theory. Ms. Cole's statements were not made in Washington, did not create a continuing relationship with or obligation to a forum resident, conferred no benefit, privilege, or protection under Washington law, and were not subject to the state's regulation.

[2] Much of the evidence submitted by Ms. Yoast has not been authenticated and contains hearsay. While the Court assumes that a foundation can be laid for the text messages, email strings, and Facebook printouts at trial, they are not admissible for the purpose of establishing the truth of the non-party statements made therein. The communications have, however, been considered for purposes of identifying Ms. Cole's contacts with the forum.

ORDER GRANTING SHELLY COLE'S
MOTION TO DISMISS            -3-

**(1) Purposeful Direction**

In her counterclaim, Ms. Yoast alleges that Ms. Cole made statements to JDI members at a July 2016 meeting in Grand Rapids, Michigan, that the statements were untrue, and that they caused emotional distress and resulted in members cancelling orders and/or not placing new orders from Ms. Yoast. Conduct which occurs entirely outside the forum state may satisfy the purposeful direction element of the jurisdictional analysis if the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Dole Food, 303 F.3d at 1111. Whether Ms. Cole is subject to personal jurisdiction in this forum turns on the second prong: whether she "expressly aimed" her conduct at the forum.

The "effects test" was first articulated in Calder v. Jones, 465 U.S. 783 (1984), but the Supreme Court recently felt compelled to clarify that the critical issue is whether defendant expressly aimed his or her conduct at the forum state itself, rather than at persons who reside in the forum. Walden, 134 S. Ct. at 1122. "[M]ere injury to a forum resident is not a sufficient connection to the forum[: rather,] an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." Id. at 1125. The fact that Ms. Yoast, a Washington resident, was the subject of Ms. Cole's statements in Michigan does not show that Ms. Cole aimed her tortious interference or defamatory statements at Washington. See Picot v. Weston, 780 F.3d 1206, 1214 (9th Cir. 2015). There is no evidence that Ms. Cole publicized the statements in Washington or otherwise targeted a Washington audience. As was the case in Walden and Picot, Ms. Yoast's injuries are entirely personal to her and would have been the same regardless of where she lived or did business. The injuries are not tethered to Washington in any meaningful way, and the traditional rule, that "the plaintiff cannot be the only link between the defendant and the forum," compels the conclusion that the July 2016 statements do not establish a prima facie showing of specific personal jurisdiction over Ms. Cole. Walden,

134 S. Ct. at 1122.

In her response to the motion, Ms. Yoast identifies a number of other statements and communications in which Ms. Cole was involved. All but one of these communications have no connection with the forum state (such as emails between Ms. Cole and other non-residents), do not give rise to Ms. Yoast's claims (such as Ms. Cole's September 2014 inquiry about purchasing jackets or her internal, unpublished JDI communications), or are merely third-party reports of what Ms. Cole said at the July 2016 meeting. The only jurisdictionally relevant communications are the Facebook discussion at Dkt. # 36-1 at 9 in which Ms. Cole publicly questions the appropriateness of Ms. Yoast selling items that compete with JDI-sanctioned sales and fundraisers. That discussion arguably gave rise to Ms. Yoast's counterclaims to the extent it convinced potential purchasers to cancel or refrain from placing orders for Ms. Yoast's products.

Whether a tortious statement on the internet combined with knowledge of the target's residence is sufficient to establish purposeful direction has not been definitively resolved by the Ninth Circuit, but the majority of district courts has determined that something more is required. See Cummins v. Lollar, 2013 WL 12124089, at *5-6 (C.D. Cal. Feb. 11, 2013); Xcentric Ventures, LLC, v. Bird, 683 F. Supp.2d 1068, 1074 (D. Ariz. 2010); Lange v. Thompson, 2008 WL 3200249, at *3 (W. D. Wash. Aug. 6, 2008); Medinah Mining, Inc. v. Amunategui, 237 F. Supp.2d 1132, 1138 (D. Nev. 2002). There is nothing more here. All Ms. Yoast has shown is that Ms. Cole made statements on the internet with knowledge that they were likely to impact a Washington resident. "[T]his goes to the foreseeability of harm in the forum, not whether the conduct was 'expressly aimed' at the forum." Cummins, 2013 WL 12124089, at *5. See Morrill v. Scott Fin. Corp., 873 F.3d 1136, 1144-45 (9th Cir. 2017) (finding that foreseeability of harm to plaintiffs in the forum does not show that defendants expressly targeted the forum state: "[s]uch reasoning improperly attributes a plaintiff's forum connections to the defendant and makes those connections 'decisive' in the jurisdictional analysis. It also obscures the reality that

ORDER GRANTING SHELLY COLE'S
MOTION TO DISMISS                -5-

none of [the] challenged conduct had anything to do with [the forum state] itself.") (quoting Walden, 134 S. Ct. at 1125). The injuries of which Ms. Yoast complains were not the result of any contact Ms. Cole had with or aimed at the forum state and were in no way dependent on the fact that Ms. Yoast resided in Washington.

Because Ms. Yoast has not met her burden of establishing that Ms. Cole purposefully directed her allegedly tortious statements at Washington (or purposefully availed herself of this forum), the Court lacks specific jurisdiction over her. The motion to dismiss (Dkt. # 32) is therefore GRANTED.

Dated this 5th day of January, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge