The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOB'S DAUGHTERS INTERNATIONAL,<br><br>    Plaintiff,<br><br>    v.<br><br>HEIDI YOAST,<br><br>    Defendant. | NO. 16-cv-1573-RSL<br><br>PLAINTIFF'S MOTION IN LIMINE<br><br>NOTE ON CALENDAR: May 18, 2018 |
| HEIDI YOAST,<br><br>    Counterclaim-Plaintiff,<br><br>    v.<br><br>JOB'S DAUGHTERS INTERNATIONAL, SHELLY COLE aka SHELLY HOWRIGON, an individual, ROD REID, an individual,<br><br>    Counterclaim-Defendants. | |

Plaintiff Job's Daughters International ("JDI") hereby moves this Court in limine to instruct Defendant and its counsel to not mention, refer to, or attempt to convey to the jury in any matter, any evidence, argument or questioning relating to the following subjects for the reasons set forth below:

PLAINTIFF'S MOTION IN LIMINE - 1
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6445124.1

1.     1.    Any expert opinions because Defendant failed to disclose any such opinion during discovery so such offering such evidence at trial would be unfairly prejudicial to JDI;

2.     2.    Any social media posts or statements made by non-parties offered for the truth of the matter asserted because this information is inadmissible hearsay;

3.     3.    Any insurance policies that Plaintiff may carry because this information is irrelevant to the claims at issue and allowing this irrelevant information will prejudice and mislead the jury;

4.     4.    Any discussions between counsel, including but not limited to settlement discussions because this information is not admissible and will only confuse the jury and would be unfairly prejudicial to JDI;

5.     5.    Any testimony or evidence relating or referring to how JDI handles inquiries or requests for permission to use JDI's trademarks form third parties because this information is irrelevant to the claims at issue and will only confuse the jury and be unfairly prejudicial to JDI; and

6.     6.    Any evidence or testimony from witnesses not timely disclosed because their testimony was not disclosed to JDI until after the close of discovery and the offer of any such evidence or testimony at trial would be unfairly prejudicial to JDI.

## I. INTRODUCTION

JDI's requests this Court exclude evidence and testimony during the jury trial of the above captioned matter relating to (a) any expert opinion(s) by Defendant; (b) any social media posts or statements made by non-parties offered for truth of the matter asserted; (c) any insurance policies JDI may carry; (d) any discussion(s) between counsel, including but not limited to, settlement discussions; (e) how JDI handles inquiries and requests for permission to use JDI's trademarks; and (f) any testimony or documents not disclosed by Yoast prior to the discovery cut-off. Yoast should be precluded from presenting evidence or testimony pertaining

PLAINTIFF'S MOTION IN LIMINE - 2
(16-cv-1573-RSL )

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6445124.1

to these topics because these topics are not relevant to the pending action under Federal Rules of Evidence 401 and 402. Even if it is assumed for the sake of argument that there is any relevance, the topics should be excluded under Rule 403 of the Federal Rules of Evidence because the danger of unfair prejudice and of confusing the issues or misleading the jury. Finally, the requested evidence and testimony should be excluded as hearsay under Rule 801 of the Federal Rules of Evidence and because the same would be untimely and in violation of this Court's Amended Order Setting Trial Date and Related Dates ("Amended Scheduling Order"). See No. 27.

## II. AUTHORITY AND ARGUMENT

A motion in limine permits the trial court to decide relevancy, admissibility and other evidentiary questions before the offering of proof at trial. *See Luce v. United States*, 469 U.S. 38, 41, n.4 (1984). As contemplated by Federal Rule of Evidence 104(a), a court may address preliminary questions about the admissibility of evidence through a motion in limine to assist the parties in preparing for trial and to avoid delay and prejudice once the jury is seated.

Rule 402 requires that irrelevant evidence must be excluded. Fed. R. Evid. 402. Relevant information is defined as proof of having "any tendency to make a fact more or less probable than it would without the evidence." Fed. R. Evid. 401. Beyond looking at the probative value of the evidence, admissibility should be determined in the context of the case because "relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." *Spring/United Mgmnt. Co. v. Mendelsohn*, 522 U.S. 379, 387 (2008) (citation omitted).

Even relevant evidence should be excluded "if its probative value is substantially outweighed by potential unfair prejudice, confusion of issues, undue delay, waste of time, or needless presentation of evidence." *Old Chief v. U.S.*, 519 U.S.172, 180 (1997) (citing Fed. R. Evid. 403). Unfairly prejudicial evidence tends to suggest a decision on an improper emotional

PLAINTIFF'S MOTION IN LIMINE - 3
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6445124.1

basis. *See* Fed. R. Evid. 403 Advisory Committee Notes (explaining that a decision on an "improper basis" is "commonly, though not necessarily, an emotional one").

The evidence the Plaintiff seeks to exclude in the pending motion in limine is not relevant or, if relevant, would be unduly prejudicial, confusing or misleading to the jury and would likely result in the waste of time. Thus, the evidence covered by Plaintiff's motion in limine should be excluded under Rules 402 and 403. In addition, certain evidence should be excluded as inadmissible hearsay as they are out of court statements offered for the truth of the matter asserted. Fed. R. Evid. 801(c). Finally, certain witnesses and/or evidence should be submitted because it was not submitted timely in violation of this Court's Amended Scheduling Order. Fed. R.Civ.P. Rule 26 (a); Doc. No. 27.

A.  <u>Yoast Should Be Precluded From Presenting or Providing Any Expert Opinion(s).</u>

Pursuant to the Amended Scheduling Order, expert witness reports were to be submitted by December 6, 2017, and all fact discovery closed on February 4, 2018. See Doc No. 27. To date, Yoast has not identified any expert in this matter. A party must disclose expert testimony at the times that the court orders. Fed. R. Civ. P. Rule 26(a)(2)(D). Furthermore, the disclosure of an expert witness must be accompanied by a written report or specified disclosure of subject matter, supporting facts, and opinions. Fed. R. Civ. P. 26(a)(2)(B) and (C). If a party fails to do so, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Yoast should not, therefore, be permitted to offer any expert testimony at trial and JDI respectfully requests an Order from this Court confirming the same.

PLAINTIFF'S MOTION IN LIMINE - 4
(16-cv-1573-RSL )

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6445124.1

B. <u>Social Media Posts By Non-Witnesses Used to Establish the Truth Of Statements Contained Therein are Inadmissible Hearsay.</u>

Hearsay "means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Hearsay is inadmissible and may only be admitted if there is an applicable exception. *U.S. v. Demery*, 674 F.3d 776, 781 (2011). Here, social media posts made by non-witnesses are textbook out-of-court statements, and, if offered to prove the truth of the matters asserted, constitute inadmissible hearsay to which no hearsay exception applies. Written statements and social media posts from non-witnesses to this litigation should, therefore, be excluded and JDI respectfully requests an Order confirming the same.

C. <u>Evidence of Any Insurance Policies JDI Carries Must Be Excluded.</u>

Any reference to whether JDI carries insurance should be excluded. "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligent or otherwise wrongfully." Fed. R. Evid. 411. In addition, evidence of any of JDI's insurance policies is not relevant to the issues and does not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Reference to JDI's insurance policies should, therefore, be prohibited and JDI respectfully requests an Order confirming the same.

D. <u>References to Discussions Between Counsel, Including Settlement Discussions, Should be Excluded.</u>

Any reference to settlement discussions or other communications between counsel should be excluded in accordance with Fed. R. Evid. 408. In addition, any discussions between counsel regarding discovery disputes, litigation strategy or tactics, or pretrial motions should be excluded because they are not relevant to the claims and constitute inadmissible hearsay .

PLAINTIFF'S MOTION IN LIMINE - 5
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6445124.1

Even if evidence of such discussion were relevant and/or not hearsay, because its probative value is substantially outweighed by the danger of unfair prejudice and misleading the jury, it should be excluded and JDI respectfully requests an Order confirming the same. *See* Fed. R. Evid. 401, 403, 801.

E. <u>Evidence Pertaining to How JDI Handles Inquiries and Requests for Permission to Use JDI's Trademarks Should Not Be Permitted.</u>

Any evidence referring or relating to how JDI handles or may have handled specific inquiries or permission requests from non-parties as to the use of JDI's trademarks should be excluded because such evidence is irrelevant to the matters at issue in this case and because such evidence would confuse the issues, would be unfairly prejudicial and would mislead the jury. The manner in which JDI previously handled requests from third parties to use its Marks is not relevant here because it is undisputed that Yoast did not make any request to JDI before utilizing the JDI Marks at issue in the present lawsuit. Therefore, allowing evidence as to how JDI would have handled the non-existent request or has handled other requests would do nothing more than mislead the jury and be unfairly prejudicial and JDI respectfully requests an Order prohibiting evidence or testimony as to JDI's response to third party requests for use of the JDI Marks.

F. <u>Any Testimony from Witnesses and/or Evidence Not Timely Disclosed Should Be Excluded.</u>

Yoast should be precluded from offering the testimony of witnesses and/or other evidence not timely disclosed. This includes, but is not limited to, any testimony from Donna Hoffman, Angela Leeper, or Kerrie Ferlet related to statements allegedly made by Shelly Cole and any revised or amended profit and loss statements untimely disclosed by Yoast. Rule 26 of the Federal Rules of Civil Procedure requires the disclosure of the identity of witnesses and responsive documents. This Court's Amended Scheduling Order set a February 4, 2018 deadline for fact discovery. Yoast did not disclose Ms. Hoffman, Leeper, or Ferlet as

PLAINTIFF'S MOTION IN LIMINE - 6
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6445124.1

1 witnesses as to the statements purportedly made by Shelly Cole (or provide amended profit and
2 loss statements) until after the fact discovery deadline passed.

3 Failure to make a timely disclosure bars the use of that evidence at trial unless the
4 failure to disclose is harmless. Fed. R. Civ. P. 37. It is in this Court's discretion to exclude
5 witnesses who were not timely identified. *See Wong v. Regents of the University of California*,
6 410 F.3d 1052 (9th Cir. 2005). Failure to disclose the identity of three witnesses here is not
7 harmless as they were all being used to support the Counterclaim filed by Yoast on June 7,
8 2017. Yoast knew that she had the burden of proof with respect to the alleged defamatory
9 statements that formed the basis of her Counterclaim but yet did not disclose Ms. Hoffman,
10 Leeper, or Ferlet as having knowledge of the same until after discovery had closed (and JDI
11 filed for summary judgment). Not only did the late disclosure prohibit JDI from the
12 opportunity to depose those witnesses, but there is no good faith basis for the same. *See*
13 *Benjamin v. B & H Education, Inc.*, 877 F.3d 1139, 1150 (9th Cir. 2017) (citing *Medina v.*
14 *Multaler, Inc.*, 547 F. Supp. 2d 1099, 1105 n.8 (C.D. Cal. 2007) ("[F]ailure to disclose…a
15 likely witness before defendants' summary judgment motion was filed prejudiced defendants
16 by depriving them of an opportunity to depose him."). To allow these undisclosed witnesses to
17 testify at trial now would be extremely prejudicial to JDI.

18 While JDI acknowledges that Kerrie Ferlet was identified in Yoast's Answers to
19 Plaintiff's Second Set of Interrogatories as someone who had provided her with permission to
20 utilize the JDI Marks (along with roughly 66 other names), that reference is not sufficient to
21 identify her as someone who may have knowledge of the statements that form the basis of
22 Yoast's counterclaim. *See* Yoast's Answers to Plaintiff's Second Set of Interrogatories, pg. 12-
23 13; *Benjamin v. B & H*, 877 F.3d at 1150 (citing *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50,
24 72-73 (E.D.N.Y. 2012) (noting that the mention of a witness' name in an interrogatory
25 response is insufficient for Rule 26 purposes).

PLAINTIFF'S MOTION IN LIMINE - 7
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6445124.1

The testimony of witnesses or evidence not timely disclosed within the time limits set forth by the Court should, therefore, be excluded and JDI respectfully requests an Order confirming the same.

### III. CONCLUSION

For the aforementioned reasons, JDI respectfully requests this Court grant its motion in limine and exclude evidence and testimony during the jury trial of the above captioned matter relating to (a) any expert opinion(s); (b) any social media posts made by non-parties or witnesses offered for the truth of the matter asserted; (c) any insurance policies JDI may carry; (d) any discussions between counsel, including settlement discussions; (e) how JDI handles inquiries and requests for permission to use JDI's trademarks from third-parties; and (f) any documents or testimony from witnesses not timely identified.

DATED this 7th day of May, 2018.

s/ Rodney L. Umberger
s/ Daniel J. Velloth
Rodney L. Umberger, Jr., WSBA #24948
Daniel J. Velloth, WSBA #44379
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
rumberger@williamskastner.com
dvelloth@williamskastner.com

and

Brian T. McKernan, Admitted *Pro Hac Vice*
McGrath North Mullin & Kratz, PC LLO
Suite 3700 First National Tower
1601 Dodge St.
Omaha, Nebraska 68102
(402) 341-3070
(402) 952-6896 fax
bmckernan@mcgrathnorth.com

Attorneys for Plaintiff/Counterclaim-Defendant
Job's Daughters International

PLAINTIFF'S MOTION IN LIMINE - 8
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6445124.1

DECLARATION OF SERVICE

I hereby certify that on May 7, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Brian T. McKernan     bmckernan@mcgrathnorth.com

Daniel Velloth     dvelloth@williamskastner.com, dlevitin@williamskastner.com, mphilomeno@williamskastner.com

Patricia I. Forman     patriciaforman@gmail.com

Rodney L Umberger , Jr     rumberger@williamskastner.com, ssanh@williamskastner.com

Tracey V Munger     mungerlaw@gmail.com

DATED this 7th day of May, 2018.

    s/ Rodney L. Umberger
    s/ Daniel J. Velloth
    Rodney L. Umberger, Jr., WSBA #24948
    Daniel J. Velloth, WSBA #44379
    WILLIAMS, KASTNER & GIBBS PLLC
    601 Union Street, Suite 4100
    Seattle, WA 98101-2380
    Telephone:  (206) 628-6600
    Fax:  (206) 628-6611
    rumberger@williamskastner.com
    dvelloth@williamskastner.com

    Attorneys for Plaintiff/Counterclaim-Defendant Job's Daughters International

PLAINTIFF'S MOTION IN LIMINE - 9
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6445124.1