1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOB'S DAUGHTERS INTERNATIONAL,

                Plaintiff,

    v.

HEIDI YOAST,

                Defendant; *and*

HEIDI YOAST,

                Counterclaim Plaintiff,

    v.

JOB'S DAUGHTERS INTERNATIONAL, ROD REID, an individual

                Counterclaim Defendants

NO. 16-CV-01573-RSL

DEFENDANT'S OPPOSITION TO PLAINTIFF JOB'S DAUGHTERS INTERNATIONAL'S MOTION *IN LIMINE*

NOTING DATE: MAY 18, 2018

Pursuant to the Court's Order Setting Trial Date & Related Dates' alteration to Local Rule 7(d)(4), Defendant hereby opposes the motion *in limine* filed by Plaintiff Job's Daughters International as set forth below:

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* - 1

PATRICIA I. FORMAN, ESQ.
931 N. Maple Street Ste. 104
Burbank, California 91505
(213) 509-8708
patriciaforman@gmail.com

## I.   __INTRODUCTION__

Plaintiff Job's Daughters International ("JDI," or "Plaintiff") general motion *in limine* requests this Court to exclude relevant evidence that either is not hearsay, or falls within an exception to the Rules of Evidence regarding hearsay. Plaintiff also requests evidence be excluded that was disclosed after the close of discovery in this matter only due to the fact that it was information in the possession of JDI, and not timely disclosed. Finally, Plaintiffs seek to exclude highly relevant information regarding JDI's handling of its own intellectual property. Defendant respectfully requests this Court to deny JDI's motion insofar as it relates to any relevant evidence and/or information that is: a) not hearsay, or is within one of the exceptions to the hearsay rules under the Federal Rules of Evidence, b) any discussion(s) between counsel relevant to this matter, insofar as those communications are not related to or submitted to prove the validity of JDI's claims,[1] c) information regarding how JDI manages its alleged intellectual property rights and ownership, and d) testimony and/or documents disclosed by Yoast after the discovery cut off that were, or should have been, in the possession of JDI and disclosed by JDI during discovery.

## II.   AUTHORITY

As a preliminary issue, Defendant notes that the local rules in the Western District of Washington, at LCR 7(d)(4), requires motions *in limine* to include a "certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve which matters really are in dispute..." and that a "good faith effort to confer requires a face-to-face meeting or a telephone conference." *Id.* Defendant asserts that no effort was made regarding the evidentiary issues argued in JDI's motion *in limine*. If such effort had been made, certainly, an agreement could have been reached stipulating that any evidence regarding insurance policies should be excluded, as well as any information garnered through attempted settlement negotiations submitted to prove the validity (or invalidity) of JDI's claims.

---

[1] Rule 408 of the Federal Rules of Evidence does not require the exclusion of evidence when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, expounding on any issues regarding notice, or other conduct not related to the validity of JDI's claims in this matter.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* - 2

Patricia I. Forman, Esq.
931 N. Maple Street Ste. 104
Burbank, California 91505
(213) 509-8708
patriciaforman@gmail.com

1    Although there is no express authority in either the Federal Rules of Civil Procedure or the

2    Federal Rules of Evidence, motions *in limine* are well recognized in practice as a mechanism by

3    which the Court may address preliminary questions about the admissibility of evidence. (*See*

4    *generally* Fed. Rule Evid. 103(c), *Luce v. United States,* 469 U.S. 38, 41 n.4 (1984), *Ohler v. United*

5    *States* 529 US 753, 758 (2000); *Padillas v. Stork-Gamco, Inc.* 186 F3d 412, 417 (3rd Cir. 1999);

6    *United States v. Cook* 608 F2d 1175, 1186 (9th Cir. 1979).

7    Motions *in limine* are not, however, to be used as a mechanism to preclude an opposing

8    party from generically violating a provision of the Federal Rules of Evidence. Aside from the

9    witnesses listed at Dkt. #74 p. 6 ln. 20-21, Plaintiff fails to identify specific evidence that it requests

10    to have excluded in an effort to enforce general evidentiary principles. Plaintiff simply requests this

11    Court to exclude any "expert opinions", any "social media posts or statements made by non-parties

12    offered for the truth of the matter asserted", any "insurance policies", any "discussions between

13    counsel", any "testimony or evidence relating to or referring to how JDI handles...requests for

14    permission to use JDI's trademarks...", and any "evidence or testimony from witnesses not timely

15    disclosed..." (Dkt. #74-1 p. 2 ln. 3-19.)

16    Vague and overbroad requests are inappropriate for review on a motion *in limine*; "motions

17    in limine should rarely seek to exclude broad categories of evidence, as the court is almost always

18    better situated to rule on evidentiary issues in their factual context during trial." *Colton Crane Co.,*

19    *LLC v. Terex Cranes Wilmington, Inc.,* No. CV 08-8525 PSG (PJWx), 2010 U.S. Dist. LEXIS

20    141013, at *3 (C.D. Cal. May 19, 2010) *citing Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d

21    708, 712 (6th Cir. 1975)*; see also Bioriginal Food & Sci. Corp. v. Biotab Nutraceuticals, Inc.,* No.

22    2:13-CV-05704-CAS(Ex), 2015 U.S. Dist. LEXIS 114792, at *30 (C.D. Cal. Aug. 24, 2015). As

23    such, Defendant respectfully requests this court deny Plaintiff's motion.

24                                    **III.    ARGUMENT**

25    a.   <u>Admissibility of Expert Opinion(s)</u>

26

PATRICIA I. FORMAN, ESQ.
931 N. Maple Street Ste. 104
Burbank, California 91505
(213) 509-8708
patriciaforman@gmail.com

1    This is another issue which could likely have been resolved during a meet and confer

2    attempt. Defendant acknowledges she has not retained any experts to testify in this matter.

3    Defendant does, however, have a medical professional that has been treating her for the last several

4    years, long before JDI initiated the instant case. In response to JDI's discovery requests, Ms. Yoast

5    listed Linda Johnston, ARNP at Virginia Mason Federal Way Medical Center as a professional she

6    had received treatment from for symptoms arising out of the acts of JDI and JDI's agents / elected /

7    appointed officers. Johnston should be considered a "treating physician," and, if called to testify,

8    her testimony would be restricted as only a fact witness regarding patient treatment over the years –

9    and expert reports are only required when a treating provider is used to render opinions not reached

10   during the course of treatment. *Dixon v. Legacy Transp. Sys., LLC,* No. 2:15-cv-01359-JAD-PAL,

11   2017 U.S. Dist. LEXIS 146258, at *22 (D. Nev. Sep. 11, 2017). For the foregoing reasons,

12   Defendant respectfully requests this Court deny Plaintiff's motion insofar as it applies to the factual

13   testimony of Ms. Yoast's treating medical provider.

14   b.   <u>Social Media Posts by Non-Witnesses Used to Establish the Truth of Statements Contained</u>

15        <u>Therein</u>

16        This request appears to be nothing more than a motion by JDI asking the Court to affirm

17   generally accepted rules of evidence. Defendant does not argue that hearsay evidence should be

18   admissible, unless it falls within one of the many exceptions. For example, Federal Rule of

19   Evidence 801(d)(2)(D) provides that a "statement is not hearsay if it is offered against a party and is

20   "a statement by the party's agent or servant concerning a matter within the scope of the agency or

21   employment, made during the existence of the relationship." *Sea-Land Serv. v. Lozen Int'l, LLC,*

22   285 F.3d 808, 821 (9th Cir. 2002).

23        Of particular interest in the matter of Defendant's Counterclaim are social media posts,

24   emails, and messages from individuals either which are agents of Job's Daughters International,

25   now, or who were such at the time the statements were made. By way of illustration, there is a

26   series of messages from one Leslie Hoglund regarding JDI's Supreme Session in 2016. At the time

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION *IN
LIMINE* - 4

1   her statement was made, Ms. Hoglund was serving as "Grand Guide" –defined as an elected member of

2   the Grand Guardian Council of the state of Virginia (Bylaws p. 57 Article IV(a) and Article V(a))– a

3   Grand Guardian Council of Job's Daughters International, operating "under authority of a Charter

4   granted by the Supreme Guardian Council" of Job's Daughters International. Bylaws, p. 57 Article III

5   (a). (*See* Dkt. #56-1 p. 23-25.) Ms. Hoglund is also the current Vice Grand Guardian for Job's

6   Daughters International's Grand Guardian Council of the State of Virginia (Dkt. #56-1 p.10 ln. 10-11).

7        Since Ms. Hoglund was an elected official of JDI, she is, and was at the time the statement was

8   made, clearly an agent of Job's Daughters International. Grand Officers are tasked with ensuring their

9   jurisdictions get an accurate report of the information heard at Supreme Session, thus Ms. Hoglund's

10  statement also relates to her duties as a Grand Officer. As her statement is in opposition to the position

11  that JDI indicates it will take at trial (that Ms. Cole didn't say the things indicated in Ms. Hoglund's

12  messages), any statements made by Ms. Hogland regarding what she witnessed at Supreme Session in

13  2016 should be admitted.

14       Beyond Ms. Hoglund's social media statements, Defendant is unaware as to what other specific

15  statements Plaintiffs seek to exclude. Therefore, Defendant respectfully requests this court deny

16  Plaintiff's motion, except insofar as it is consistent with the rules regarding hearsay and any exceptions

17  thereto. If the motion is granted, Defendant requests this court make its ruling applicable to any and all

18  evidence, regardless of the party by which it is introduced.

19  c.  <u>Evidence of Insurance Policies</u>

20       As stated above, Defendant has no argument with the general rule under Fed. R. Evid. 411

21  that evidence that a person was or was not insured against liability is not admissible to prove

22  whether the person acted negligent or otherwise wrongfully.

23  d.  <u>References to Discussions Between Counsel, Including Settlement Discussions</u>

24       As a threshold issue, there is no rule or evidence which generally precludes discussions

25  amongst counsel from admissibility where they do not relate to offers or discussions surrounding

26  settlement, nor has Plaintiff provided any kind of authority for the same. Further, there is no dispute

PATRICIA I. FORMAN, ESQ.
931 N. Maple Street Ste. 104
Burbank, California 91505
(213) 509-8708
patriciaforman@gmail.com

1    from Defendant that Federal Rule of Evidence 408 provides that evidence of a settlement offer or

2    acceptance may not be admitted to show liability for or invalidity of the claim or its amount.

3    Discussions surrounding settlement, however, may be completely admissible when offered for a

4    purpose outside of showing validity of a claim. For example, Rule 408 is inapplicable when

5    evidence of the compromise is offered to prove notice. *See, e.g., United States v. Austin,* 54 F.3d

6    394 (7th Cir. 1995) (no error to admit evidence of the defendant's settlement with the FTC, because

7    it was offered to prove that the defendant was on notice that subsequent similar conduct was

8    wrongful); *Spell v. McDaniel,* 824 F.2d 1380 (4th Cir. 1987) (in a civil rights action alleging that an

9    officer used excessive force, a prior settlement by the City of another brutality claim was properly

10   admitted to prove that the City was on notice of aggressive behavior by police officers).

11          Consistent with the foregoing, Defendant respectfully requests the Court deny Plaintiff's

12   motion, except insofar as Plaintiff's requests comply with Federal Rule of Evidence 408.

13   e.   Evidence Pertaining to How JDI Handles Inquiries and Requests for Permission to Use JDI's

14        Trademarks

15          Plaintiff's claims against Defendant involve claims that she infringed upon its alleged

16   intellectual property rights. The following facts provide important context to Plaintiff's alleged

17   claims: 1) Defendant is a member of the very organization suing her, 2) Plaintiff JDI has a set of

18   bylaws governing how their alleged intellectual property may be used which is relevant to the

19   claims in this matter, and 3) JDI has a long, peculiar history surrounding its handling and treatment

20   of its alleged intellectual property rights. Those facts have informed the Defendant's actions both

21   prior to, and during this litigation. If Plaintiff seeks to characterize Defendant's actions as

22   "reckless" or "extraordinary," Defendant must be permitted to introduce facts, including facts

23   related to manner in which JDI handles requests to use its alleged intellectual property, in order to

24   mount a proper defense and/or response. Without this important context, the jury would have no

25   way to make a determination as to the reasonability of Defendant's actions. As such, Defendant

26   respectfully requests the Court deny Plaintiff's motion as to these facts.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION *IN
LIMINE* - 6

PATRICIA I. FORMAN, ESQ.
931 N. Maple Street Ste. 104
Burbank, California 91505
(213) 509-8708
patriciaforman@gmail.com

f.   <u>Testimony from Witnesses and/or Evidence Not Timely Disclosed</u>

     i.   *Donna Hoffman / Kerrie Ferlet*

On or about March 6, 2018, Defendant Heidi Yoast was contacted by both Ms. Donna Hoffman and Ms. Kerrie Ferlet, whom Ms. Yoast had not previously spoken to regarding JDI's Supreme Session 2016. Ms. Yoast had spoken to Ms. Ferlet regarding items created on her behalf, but never regarding what Ms. Ferlet heard during Supreme Session – of note, Ms. Ferlet was listed as a possible witness as part of Defendant's initial disclosures under Federal Rule of Civil Procedure 26(a)(1) and (2), as well as the Court's November 17, 2016 Order (Dkt. #6).

Both individuals were present at JDI's Supreme Session in July 2016 in Grand Rapids, Michigan and had been present during Ms. Shelly Cole – Howrigon's presentations, which are at issue in this matter. They both informed Ms. Yoast that they were willing to provide information and/or testify as to those things she personally witnessed. Dkt. #55 p. 7 ln. 8-16, ln. 22-26. As soon as Counsel for Ms. Yoast ascertained that these individuals did indeed have relevant, first-hand information, Defendant sent their information to Plaintiff and noted it as a subsequent disclosure under Fed. R. Civ. Pro 26(e).[2] Both individuals having served as elected and appointed officers in JDI, therefore JDI was in possession of their complete contact information.

Substantial justification exists for this late discovery and subsequent disclosure. On November 10, 2017, in Defendant's response to JDI's Second Set of Interrogatories, Defendant informed JDI that any and all JDI members and volunteers present at the "Board of Trustees' Town Hall Meeting" were potential witnesses. Defendant was not in attendance at Supreme Session 2016, and does not have access to any attendance lists or other information detailing who attended that event – yet this is information that would be in JDI's position. There is precedent that, where one party is unaware of evidence that should have been in the possession of, and provided by, the

---

[2] Within that same email, despite the fact that JDI's requests came just a few days before the close of discovery, Defendant also included additionally requested information and documents. Defendant also requested Plaintiff verify that Plaintiff's document production was indeed complete, due to receiving from third parties emails that should have been provided by Plaintiff during discovery. No response was every received to this email.

PATRICIA I. FORMAN, ESQ.
931 N. Maple Street Ste. 104
Burbank, California 91505
(213) 509-8708
patriciaforman@gmail.com

1  opposing party, a disclosure after the cut-off of discovery may be permitted. *(See Wechsler v.*

2  *Macke Int'l Trade, Inc.,* 221 F.R.D. 619, 621 (C.D. Cal. 2004).)

3      As Defendant's late disclosure of Ms. Hoffman as a witness was a direct result of

4  Defendant's late discovery of Ms. Hoffman's possession of relevant information, and Ms. Ferlet has

5  been listed as a possible witness from this matter's outset, Defendant respectfully requests this

6  Court deny Plaintiff's motion as to Donna Hoffman and Kerrie Ferlet.

7      *ii.  Angela Leeper*

8      Submitted as part of Defendant's argument as to why the information contained in certain

9  social media messages from one Leslie Hoglund, an elected officer within Job's Daughters

10  International (who was also an elected officer at the time the messages were written), Ms. Leeper's

11  testimony / statement should be characterized as rebuttal to any attempt by JDI to discredit Ms.

12  Hoglund's statement.

13      *iii.  Amended Profit and Loss Statements*

14      As fully briefed in Defendant's opposition to JDI's Motion for Summary Judgment, the

15  provision of Ms. Yoast's profit and loss statements to JDI is not as simple as JDI would like to

16  portray. *See* Dkt. #55 pg. 10 ln. 19 through pg. 13 ln. 5. Ms. Yoast produced a corrected statement

17  as soon as was reasonably possible for her, a sole proprietor relying on a part time bookkeeper, to

18  produce.

19                    **IV.    CONCLUSION**

20      In accordance with the foregoing, Defendant respectfully requests the Court deny Plaintiff's

21  motion in limine in its entirety, except insofar as granting the motion in part would comport with

22  the Federal Rules of Evidence and/or Civil Procedure, and the precedent related thereto.

23

24  Respectfully submitted,

25

26      DATED this 16th day of May, 2018.

---

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* - 8

PATRICIA I. FORMAN, ESQ.
931 N. Maple Street Ste. 104
Burbank, California 91505
(213) 509-8708
patriciaforman@gmail.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

By /s/ *Patricia I. Forman, Esq.*

Patricia I. Forman, Esq. California Bar No. 245108, *pro hac vice* for Counter- Complainant / Defendant Heidi Yoast

931 N. Maple Street Ste. 104
Burbank, CA 91505
Telephone: 213-2708403
Email: patriciaforman@gmail.com

LEAD ATTORNEY
ATTORNEY TO BE NOTICED

By  */s/ Tracey V. Munger*
      Tracey V. Munger, WSBA #33854
GROVES LAW OFFICES, LLP
THE OLD TACOMA ARMORY
1001 S YAKIMA AVE #1
TACOMA, WA 98405
Phone: (253) 220-3511
Fax: (253) 220-5557
laura@groveslawoffices.com
tracey@groveslawoffices.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

1

**CERTIFICATE OF SERVICE**

2

The undersigned declares and states as follows:

3

I am a citizen of the United States, over the age of 18 years, not a party to the above-
referenced matter, and am competent to be a witness.

4

5

On May 16, 2018, I electronically filed the following document(s):

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE**

6

7

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to
all associated counsel of record.

8

I also served said documents in the manner set forth below on the following parties:

9

10

Rodney L. Umberger, WSBA #24948
Daniel J. Velloth, WSBA #44379
WILLIAMS, KASTNER & GIBBS, PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone:    206/628-6600
Fax:          206/628-6611
rumberger@williamskastner.com
dvelloth@williamskastner.com
*Attorneys for Plaintiff*

☐ *Via U.S. Mail*
☐ *Via Facsimile Transmission*
☒ *Via Email by USDC Western District EM/ECF Filing System*
☐ *Via Hand-Delivery*

11

12

13

14

15

Brian T. McKernan, NE #22174
McGRATH NORTH MULLIN & KRATZ, PC LLO
Suite 3700 First National Tower
1601 Dodge Street
Omaha, Nebraska 68102
Telephone:    402/341-3070
Fax:          402/952-6896
bmckernan@mcgrathnorth.com

☐ *Via U.S. Mail*
☐ *Via Facsimile Transmission*
☒ *Via Email by USDC Western District EM/ECF Filing System*
☐ *Via Hand-Delivery*

16

17

18

19

20

*Attorneys for Plaintiff Job's Daughters International*

21

I declare under penalty of perjury according to the laws of the State of Washington that the
above statements are true and correct.

22

23

SIGNED at Burbank, California this 16th day of May, 2018.

24

*/s/ Patricia Forman*
Printed name: Patricia Forman

25

26

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* - 10