The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOB'S DAUGHTERS INTERNATIONAL,<br><br>  Plaintiff,<br><br>  v.<br><br>HEIDI YOAST,<br><br>  Defendant. | NO. 16-cv-1573-RSL<br><br>PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION IN LIMINE<br><br>Noting Date:  May 18, 2018 |
| HEIDI YOAST,<br><br>  Counterclaim-Plaintiff,<br><br>  v.<br><br>JOB'S DAUGHTERS INTERNATIONAL, SHELLY COLE aka SHELLY HOWRIGON, an individual, ROD REID, an individual,<br><br>  Counterclaim-Defendants. | |

Plaintiff, Job's Daughters International ("JDI"), respectfully submits this Reply Brief in further support of its Motion in Limine and in response to Defendant's Opposition (Docket No. 76).

I. <u>Testimony of Yoast's Treating Medical Provider Should Be Excluded or, at a Minimum, Limited.</u>

Defendant asserts Linda Johnston, ARNP ("Johnston") should be considered a "treating

PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION IN LIMINE - 1
(16-cv-1573-RSL )

6482717.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

physician" and that because her testimony would be limited to that of a fact witness regarding patient treatment over the years, an expert report was not necessary. To the extent Johnston is permitted to testify as a fact witness, her testimony must be limited only to her "observations based on personal knowledge," and she cannot provide her professional opinion "about what caused any symptoms [she] may have observed in defendant" because this would constitute expert opinion testimony. *See Glein v. Matty*, No. C00-908P, 2001 WL 36101368, at *1 (W.D. Wash. June 7, 2001) (finding treating physicians would not be precluded from testifying about what they observed but would not be permitted to offer opinion testimony about the cause of the observed symptoms). Because Defendant acknowledges Defendant has not retained any experts to testify, Plaintiff respectfully requests an Order from this Court confirming the same and limiting Johnston's testimony to only that of her observations based on personal knowledge.

II. <u>Social Media Posts by Non-Witnesses Used to Establish the Truth of the Matter Asserted</u>

"[Fed. R. Evid.] 801(d)(2)(C) provides that a statement is a non-hearsay party admission if it 'is offered against a party and is … a statement by a person authorized by the defendant to make a statement concerning the subject.'" *United States v. Bonds*, 608 F.3d 495, 502 (9th Cir. 2010). Rule 801(d)(2)(D) of the Federal Rules of Evidence further provide that a statement is not hearsay if "it is offered against a party and is … a statement by the party's agent or servant concerning a matter within the scope of the agency or employment… ." *Bonds*, 608 F.3d at 502.

Here, Hoglund is not an agent or employee of JDI, therefore, any statements made by

PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION IN LIMINE - 2
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6482717.1

Hoglund are not an admission by a party opponent because Hoglund is not a party to this case. As Defendant states, "Ms. Hoglund was serving as 'Grand Guide' – defined as an elected member of the **Grand Guardian of the state of Virginia**… ." (Dkt. 76, p.5).  Neither Hoglund nor the Grand Guardian Council of Virginia are parties to this case and there is no admissible evidence that could establish Hoglund as an officer, employee, or agent with the authority to speak on behalf of JDI.  In fact, despite numerous depositions of JDI representatives and of JDI, Defendant failed to establish that Hoglund's affiliation with the Grand Guardian Council of Virginia in any way made her an agent or have any authority to speak on behalf of JDI.  This is her burden.  Although not developed by Yoast, the Grand Guardian Council of Virginia is subordinate body to the Supreme Guardian Council of JDI.  The Bylaws are clear that the Supreme Guardian Council is vested with the power to legislate for and on behalf of the JDI Order, all subordinate bodies derive their power from the Supreme Guardian Council, and that the Supreme Guardian Council does not control, manage or operate the day-to-day decisions and activities of the subordinate bodies, including the Grand Guardian Councils. As such, Hoglund's statements are not an admission of the Supreme Guardian Council or JDI.  Plaintiff, therefore, respectfully requests an Order from this Court precluding social media posts from non-witnesses, including  Hoglund.

III.     References to Discussion between Counsel, Including Settlement Discussions

Defendant acknowledges Plaintiff's argument that Rule 408 of the Federal Rules of Evidence preclude the reference to settlement discussions to show the liability of the claim. Defendant fails to address, however, Plaintiff's argument that additional discussion between counsel should be excluded because they are not relevant to the claims and constitute

PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION IN LIMINE - 3
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6482717.1

inadmissible hearsay.  Furthermore, Plaintiff's argument that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice and misleading the jury goes completely unanswered by Defendant.  Such evidence should be excluded because it is not relevant, constitutes inadmissible hearsay, will mislead the jury, and any probative value will be substantially outweighed by the danger of unfair prejudice.  JDI respectfully requests an Order confirming the same.

IV.    <u>Evidence Pertaining to How JDI Handles Inquiries and Requests for Permission to Use JDI's Trademarks</u>

The way in which JDI handles inquiries and requests for permission for use of its trademark is of no consequence to the issues at hand because it is undisputed that Defendant never sought such permission and never made such an inquiry.  Therefore, the manner in which JDI handles the inquiries made by others has no bearing on the issues of this case.  Whether or not Defendant's failure to seek permission to use JDI's marks was 'reckless' or 'extraordinary' is not based upon the manner in which JDI handles inquiries and requests for permission made by others.  Whether Defendant's actions were 'reckless' or 'extraordinary' is, instead, based upon the fact that Defendant simply failed to seek such permission or verify that others requesting her to create goods utilizing the JDI Marks had.  Plaintiff's motion as to these facts should be granted.

V.    <u>Testimony from Witnesses and/or Evidence Not Timely Disclosed</u>

Defendant bears the burden of providing evidence to support its counterclaims against Plaintiff.  Defendant attempts to shift this burden by contending that its response to Plaintiff's Second Set of Interrogatories stating that "any and all JDI member and volunteers present at

PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION IN LIMINE - 4
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6482717.1

the 'Board of Trustees' Town Hall Meeting' were potential witnesses" was sufficient to meet her obligation to provide Plaintiff with the identity of witnesses with knowledge of the events in question. Rule 26 of the Federal Rules of Civil Procedure, however, requires the disclosure of the **identity** of witnesses. To claim Plaintiff should have known because it had information that these the countless attendees of the Town Hall Meeting were potential witnesses places too heavy a burden on Plaintiff to determine who has information relevant to Defendant's counterclaim.

Although Defendant specifically identified Ferlet as a witness with information regarding permission from JDI, Defendant did not identify her as a witness with evidence regarding the counterclaim or the statements allegedly made at JDI's 2016 Supreme Session. Defendant's failure to disclose the identity of witnesses, including Hoffman and Ferlet, in a timely manner harmed Plaintiff in that Plaintiff did not get the opportunity to depose these witnesses and/or identify rebuttal witnesses or testimony. Furthermore, with regard to Leeper, because Defendant contends that Leeper's testimony will only be used to rebut any attempt to discredit Ms. Hoglund's inadmissible hearsay testimony, Leeper's testimony should be excluded, even if she had been timely disclosed. Finally, with regard to the profit and loss statements, while Plaintiff appreciates that Defendant is a sole proprietor, this does not mean Plaintiff should be prejudiced against because Defendant could not provide relevant evidence in a timely manner. Again, because the profit and loss statements were provided after the discovery cutoff, Plaintiff did not have the right to depose Plaintiff on the same as to remaining deficiencies.

PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION IN LIMINE - 5
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6482717.1

Plaintiff would be unfairly harmed if the evidence and testimony Defendant failed to timely disclose were allowed. The testimony of the witnesses and evidence that were not disclosed within the discovery deadlines agreed to among the parties and confirmed by Order of this Court should be excluded.

## CONCLUSION

For the aforementioned reasons, JDI respectfully requests this Court grant its motion in limine and exclude evidence and testimony during the jury trial of the above captioned matter relating to (a) any expert opinion(s) and limiting the testimony of Johnston to only that of her observations based on personal knowledge; (b) any social media posts made by non-parties or witnesses, and specifically Leslie Hoglund, offered for the truth of the matter asserted,; (c) any insurance policies JDI may carry; (d) any discussions between counsel, including settlement discussions; (e) personal opinions of counsel regarding evidence; (f) how JDI handles inquiries and requests for permission to use JDI's trademarks from third-parties; and (g) any documents or testimony from witnesses not timely identified.

DATED this 18th day of May, 2018.

PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION IN LIMINE - 6
(16-cv-1573-RSL )

6482717.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

          s/ Rodney L. Umberger
          s/ Daniel J. Velloth
          Rodney L. Umberger, Jr., WSBA #24948
          Daniel J. Velloth, WSBA #44379
          WILLIAMS, KASTNER & GIBBS PLLC
          601 Union Street, Suite 4100
          Seattle, WA 98101-2380
          Telephone:  (206) 628-6600
          Fax:  (206) 628-6611
          rumberger@williamskastner.com
          dvelloth@williamskastner.com

and

Brian T. McKernan, Admitted *Pro Hac Vice*
McGrath North Mullin & Kratz, PC LLO
Suite 3700 First National Tower
1601 Dodge St.
Omaha, Nebraska 68102
(402) 341-3070
(402) 952-6896 fax
bmckernan@mcgrathnorth.com

Attorneys for Plaintiff/Counterclaim-Defendant Job's Daughters International

PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION IN LIMINE - 7
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6482717.1

CERTIFICATE OF SERVICE

I hereby certify that on May 18th, 2018, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following:

Brian T. McKernan   bmckernan@mcgrathnorth.com

Daniel Velloth   dvelloth@williamskastner.com, dlevitin@williamskastner.com, mphilomeno@williamskastner.com

Patricia I. Forman   patriciaforman@gmail.com

Rodney L Umberger , Jr   rumberger@williamskastner.com, ssanh@williamskastner.com

Tracey V Munger   mungerlaw@gmail.com

DATED this 18th day of May, 2018.

> s/ Rodney L. Umberger
> s/ Daniel J. Velloth
> Rodney L. Umberger, Jr., WSBA #24948
> Daniel J. Velloth, WSBA #44379
> WILLIAMS, KASTNER & GIBBS PLLC
> 601 Union Street, Suite 4100
> Seattle, WA 98101-2380
> Telephone:  (206) 628-6600
> Fax:  (206) 628-6611
> rumberger@williamskastner.com
> dvelloth@williamskastner.com
>
> Attorneys for Plaintiff/Counterclaim-Defendant
> Job's Daughters International

PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION IN LIMINE - 8
(16-cv-1573-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6482717.1