UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOB'S DAUGHTERS INTERNATIONAL,

         Plaintiffs,

    v.

HEIDI YOAST,

         Defendant.

No. C16-1573RSL

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIMS

This matter comes before the Court on counterclaim defendants Job's Daughters International ("JDI") and Rod Reid's "Motion for Summary Judgment" on the intentional interference with contractual relations, interference with business expectancy, defamation, and intentional infliction of emotional distress claims asserted against them by defendant Heidi Yoast. Dkt. # 51. JDI and Reid also seek dismissal of "any claim for attorney's fees, with prejudice." Dkt. # 51 at 10.[1]

As set forth in her pleading, Yoast's counterclaims are based almost entirely on allegations that Shelly Cole, a member of JDI's leadership team, publicly stated at a 2016

---

[1] This matter can be decided on the papers submitted. The parties' requests for oral argument are DENIED.
    The Court has not considered plaintiff's unauthorized statement of undisputed facts (Dkt. # 55-1).

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT ON COUNTERCLAIMS

conference that Yoast was infringing JDI's trademarks, that JDI had sent Yoast several cease and desist letters, and that JDI members should not purchase Yoast's products. Yoast alleges that JDI and Reid, a former member of JDI's Board of Trustees, are liable for these comments. The only conduct directly attributed to JDI and Reid in the pleading is that they "continue to make and maintain false and defamatory statements related to Yoast and her graphic design business." Dkt. # 19 at ¶ 36.

Cole was originally named as a counterclaim defendant, but the Court dismissed the claims asserted against her based on a lack of personal jurisdiction. In the context of that order, dated January 5, 2018, the Court noted that much of the evidence submitted by Yoast in support of her counterclaims, including text messages, email strings, and Facebook printouts recounting what Cole said at the conference, was not admissible for the purpose of establishing the truth of the non-party statements made therein. Dkt. # 40 at 3 n.2. The Court declines to reconsider that ruling and again strikes the hearsay evidence regarding out-of-court statements made by Leslie Hoglund.

JDI and Reid moved for summary judgment based on (1) the fact that Yoast had not disclosed any admissible evidence to contradict Cole's declaration that she did not refer to Heidi Yoast by name or by title, did not state that Yoast was using JDI's trademarks without permission or that JDI had sent cease and desist letters to Yoast, and did not instruct members to refrain from buying product from Yoast at the 2016 conference (Dkt. # 53)[2] and (2) Yoast's admissions during her deposition that her profit and loss statements - on which her damage calculations were based - were incorrect or at least inconsistent with her tax filings (Dkt. # 52-1). On March 20, 2018, after the motion for summary judgment was filed, Yoast amended her profit

---

[2] The moving parties also provided a declaration from Susan Goolsby, the executive manager of JDI, who attended the sessions at which Cole spoke and did not hear her say any of the things alleged in the counterclaims. Dkt. # 54.

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT ON COUNTERCLAIMS            -2-

and loss statements. On March 25, 2018, the day her response was due, Yoast identified two JDI members who had attended the 2016 conference and were willing to submit declarations disputing Cole's account of her public remarks. In her response memorandum, Yoast alleged for the first time that Reid made one or more false statements to the JDI Board of Trustees "insinuating that Ms. Yoast and her husband, Mr. Woodward[,] were inflexible and unwilling to communicate with other members of the Masonic Family . . . ." Dkt. # 55 at 21.

The Court finds that these disclosures were untimely.[3] Pursuant to Fed. R. Civ. P. 37(c)(1), the untimely disclosure of information or witnesses precludes Yoast from using "that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." The belated disclosures and failure to supplement were not substantially justified. The evidence at issue is essential to at least one element of the counterclaims Yoast chose to insert into this litigation. Yoast knew that the hearsay evidence regarding Hoglund's out-of-court statements was inadmissible since January 5, 2018. She knew that her evidence regarding damages was defective as of February 2, 2018. And she acknowledged the complete absence of any evidence against Reid in November 2017. Nevertheless, she made no effort to rectify these defects before discovery closed on February 4, 2018, or before the dispositive motion deadline of March 6, 2018. Her lack of care in producing financial data, failure to locate witnesses, and failure to disclose new theories and claims at any point before March 25, 2018, when she filed her response to JDI and Reid's motion for summary judgment, were unjustified.

Yoast's discovery failures are not harmless in that they prevented JDI and Reid from testing the knowledge and veracity of her new witnesses and meeting the substance of the new claim against Reid. Although the parties requested, and the Court granted, a two week extension

---

[3] In her discovery responses, Yoast represented that she knew of no specific defamatory statements made by Reid and unhelpfully identified all JDI members and volunteers at the 2016 conference as witnesses. Dkt. # 52-2 at 6. Discovery closed on February 4, 2018, and plaintiff did not supplement her disclosures at any point before filing her response to the motion for summary judgment.

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT ON COUNTERCLAIMS            -3-

of the remaining pre-trial deadlines (Dkt. # 77), this matter will be scheduled for trial as soon as possible at the pretrial conference on May 31, 2018. The Federal Rules of Civil Procedure and the case management order issued in this case are designed to avoid trials by ambush and the unfairness that attends them. JDI and Reid will not be forced to defend new claims and/or rebut new evidence without the benefit of discovery.

Because Yoast's evidence in support of her counterclaims is inadmissible under Rule 37(c)(1), JDI and Reid's motion for summary judgment on the counterclaims (Dkt. # 51) is GRANTED. Any claim for attorney's fees arising from those counterclaims is also DISMISSED.

Dated this 25th day of May, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT ON COUNTERCLAIMS           -4-